158 So.2d 776 (1963)
Clyde ODUM et ux., Appellants,
v.
H.F. MORNINGSTAR, Appellee.
No. 4231.
District Court of Appeal of Florida. Second District.
December 18, 1963.
*777 Clyde H. Wilson, Sarasota, for appellants.
Elwood P. Safron, Punta Gorda, for appellee.
BARNS, PAUL D., Associate Judge.
On February 14, 1963, the defendant-appellee filed a motion to set aside a decree pro confesso and a final decree against him, which motion was granted by order on May 27, 1963. Thereupon plaintiff appealed from the order vacating the decree pro confesso and the final decree. We affirm.
A summons to answer appellant's complaint was served on appellee on January 22, 1962, and the defendant filed a motion to dismiss on February 12, 1962; before the motion to dismiss was filed, but on the same day, appellant-plaintiff filed praecipe for decree pro confesso, which was promptly entered by the clerk. On May 10, 1962, at an ex parte hearing, final decree was entered against the defendant, which decree recited the entry of the decree pro confesso.
The time limit for answering or objecting by motion was 20 days after service of process which 20th day fell on February 11, 1962; but since that day was a Sunday the defendant-appellee had until the next day, on which day he filed his motion to dismiss. This motion to dismiss was timely served and filed and he was not in default and it was error to have entered the decree pro confesso as well as the final decree at the ex parte hearing.
Appellant makes a point for reversal that the court had lost jurisdiction to enter the order vacating the final decree entered more than twelve months previous to the order. However, the motion to vacate was "made" a little over nine months after the entry of the final decreee and a little over one year after the entry of the decree pro confesso.
Rule 3.9, Rules of Civil Procedure, 31 F.S.A. authorizes the clerk to enter a decree pro confesso against a defendant "[i]f the defendant shall fail to serve his answer or other defense to the complaint, within the time prescribed * * *." The appellant-plaintiff's appendix shows that the defendant mailed a copy of his motion to dismiss on the day it was filed February 12, *778 1962. Rule 1.4, Rules of Civil Procedure, 30 F.S.A., provides that "Service by mail shall be deemed complete upon mailing." This language was an adoption of like words in Rule 5(b), Federal Rules of Civil Procedure. Hence, it appears that the entry of the decree pro confesso by the clerk was premature and unauthorized, and therefore a nullity, since the defendant had all of February 12 to answer or serve a "motion" setting up defenses under Rule 1.11(b), Rules of Civil Procedure.
Appellant argues that the lower court lost jurisdiction over the final decree upon the failure of the defendant to serve a petition for rehearing within 10 days after the entry of the final decree. The rule of law as stated in the case of Huntley Bros., Inc. v. Gooding, Fla.App., 149 So.2d 55 is relied on in support of his position. Since the rendition of the foregoing decision, the jurisdiction of a trial court to grant relief on motion from a final decree has been liberalized by Rule 1.38(b), Rules of Civil Procedure, which rule is an adoption in part of Rule 60(b), Federal Rules of Civil Procedure; Rule 1.38(b) provides that "On motion * * * the court may relieve a party * * * from a final judgment, decree * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect" [followed by grounds (2), (3), (4) and (5)]; the rule further provides that "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken"; and that "A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation."
The purpose of the rule was to allow "motion procedure" in lieu of a bill of review as known to the classical equity practice and the rule may be more liberal than the classical bill; such motion does not affect the finality of the final decree or suspend its operation as does a timely motion for rehearing under Rule 3.16, Rules of Civil Procedure. A denial of the motion is appealable as a final decree, but such appeal will not bring up for review the final decree sought to be vacated; if the motion is granted the order is an interlocutory order, which when in equity, is appealable as such (as was done in the case at bar) unless the court's action on the granting of motion meets the test of finality, in which event it is appealable as a final judgment or decree. 7 Moore's Federal Practice, 2d ed., § 60.30, p. 334.
The rule does not grant a year in which to seek relief from a judgment by motion, but provides that the motion must be "made within a reasonable time" and not more than one year for reasons (1), (2) and (3). Appellee moved within about nine months after the entry of the decree; he stated no grounds for the delay and appellant made no showing of laches against the appellee. Since the proceedings against the appellee-defendant were ex parte we will assume that the defendant acted with reasonable promptness.
Rule 1.38(b) (1) authorizes relief from a final decree for reasons of "mistake" or "inadvertence." It is clear that to enter a final decree against a defendant on the mistaken idea that he is in default for failure to defend is a mistake. The purpose of the rule is to enable the court to grant relief against an unjust decree and the rule should be and has been liberally construed to advance to remedy. Cf. Sleek v. J.C. Penney Company, 3 Cir., 292 F.2d 256.
Affirmed.
KANNER, Acting C.J., and ALLEN, J., concur