245 So.2d 47 (1970)
Robert Calvin BLAND, a/K/a Bobby Blue Bland, Petitioner,
v.
Bessie Lee MITCHELL, Respondent.
No. 39571.
Supreme Court of Florida.
November 25, 1970.
Hugh S. Glickstein, Hollywood, for petitioner.
Richard L. Seidel, Miami, for respondent.
DREW, Justice.
We have for review on conflict certiorari a decision of the District Court of Appeal, Fourth District,[1] denying certiorari review of a trial court order denying a motion to set aside a final judgment and to *48 stay execution thereon. We granted review because of a conflict with the Third District Court of Appeal opinion in Bursten v. Cooper.[2]
The defendant filed a sworn motion to set aside the final judgment some twenty months after a Final Decree of Paternity was entered against him on the basis of a decree pro confesso filed eleven months earlier due to defendant's willful failure to appear for the taking of his deposition. The defendant claimed denial of due process by being deprived of notice of the final hearing and the opportunity to present his defenses. The district court denied the petition for common law certiorari review because defendant failed to use the available remedy of direct appeal from the order of denial.
Defendant's motion to set aside the final judgment was necessarily brought under Florida Rule of Civil Procedure 1.540, 31 F.S.A., allowing relief from final judgments for the reasons enumerated therein. The proper route for review of an order resulting from a Rule 1.540 motion is controlled by Florida Appellate Rule 4.2, 32 F.S.A. Paragraph (a) of the 1968 Revision of Rule 4.2 specifically provides that:
"Appeals may be prosecuted in accordance with this rule * * * from decisions, orders, judgments or decrees entered in civil actions after final judgment, except those relating to motions for new trial, rehearing or reconsideration; from orders granting or denying motions to vacate defaults and from orders granting or denying dismissal for lack of prosecution or denying reinstatement under Rule 1.420 R.C.P. * * *."
In the case of Bursten v. Cooper,[3] the case relied upon for conflict jurisdiction here, the trial court denied a motion to set aside a final judgment entered subsequent to a default. The district court's holding that the order denying the motion to set aside the default and default judgment was not reviewable on appeal was arrived at under former wording of Florida Appellate Rule 4.2 which has since been twice amended and now provides expressly for appeals "from orders granting or denying motions to vacate defaults * * * ", which express provision necessarily includes judgments entered pursuant to and on the basis of such default, as in this instance. Insofar as the Bursten decision is at odds with the result reached herein, it is disapproved.
The holdings of the Fourth District Court of Appeal in Rogers v. First National Bank at Winter Park[4] and of the First District Court in Frank v. Amara[5] are in harmony with the present wording of the Rule. In Frank v. Amara the First District states that an order either denying or granting relief under Florida Rule of Civil Procedure 1.540 is reviewable upon appeal under Florida Appellate Rule 4.2. We emphasize that, as pointed out by the district court in Rogers, supra, a denial (or granting) of a motion to vacate a final judgment cannot on appeal bring up for review the merits of the final judgment sought to be vacated.[6] The inquiry must be confined to determining whether in ruling on the motion the trial court abused its discretion on the facts and circumstances asserted in the motion's behalf. The motion does not *49 affect the finality of the final judgment or suspend its operation.[7]
The decision of the district court is approved.
ERVIN, C.J., ROBERTS and CARLTON, JJ., and MURPHREE, Circuit Judge, concur.
NOTES
[1] Bland v. Mitchell, 231 So.2d 224 (Fla.App., 1970).
[2] 127 So.2d 134 (Fla.App., 1961).
[3] 127 So.2d 134 (Fla.App., 1961).
[4] 223 So.2d 365 (Fla.App., 1969).
[5] 235 So.2d 537 (Fla.App., 1970).
[6] See also Odum v. Morningstar, 158 So.2d 776 (Fla.App., 1953). The portion of Odum distinguishing appealability of the denial from the granting of a Rule 1.540 motion is no longer pertinent because of subsequent amendments to Fla.App.R. 4.2 and consolidation of law and equity actions.
[7] See, e.g., Bodner v. Blackwelder, 181 So.2d 373 (Fla.App., 1965), and Odum v. Morningstar, 158 So.2d 776 (Fla.App., 1963).