336 So.2d 78 (1976)
CLEARWATER FEDERAL SAVINGS AND LOAN ASSOCIATION, Petitioner,
v.
Joseph E. SAMPSON, Respondent.
No. 48158.
Supreme Court of Florida.
July 28, 1976.
*79 Dennis P. Thompson and Emil G. Pratesi, Richards, Nodine, Gilkey, Fite, Meyer & Thompson, Clearwater, for petitioner.
William J. Castagna, MacKenzie, Castagna, Bennison & Gardner, Clearwater, for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Second District, in Sampson v. Clearwater Federal Savings and Loan Association, denying a motion to quash appeals in the cause, which purportedly conflicts with Wagner v. Bieley, 263 So.2d 1 (Fla. 1972), and Home News Publishing Co. v. U-M Publishing Co., Inc., 246 So.2d 117 (Fla.App. 1, 1971).
Petitioner, Clearwater Federal, filed an action in the Circuit Court in and for Pinellas County to foreclose a mortgage encumbering certain motel property in Clearwater against respondent. By agreement of the parties a "quasi receivership" was established to continue operation of the motel. Funds arising from operations of the Sea Captain Motel were to be deposited in the court's registry, pending further order of the court. Final judgment of foreclosure was entered on April 18, 1974. The mortgagors objecting to the sale procedure appealed the judgment of foreclosure to the District Court of Appeal, Second District. (In Bloznalis v. Clearwater Federal Savings and Loan Assoc., 306 So.2d 219 (Fla.App. 2, 1975), the District Court of Appeal, Second District, affirmed the judgment of foreclosure.) During the pendency of the interlocutory appeal of the judgment of foreclosure, petitioner filed a motion directed to the funds held in the court's registry requesting that the balance of the funds in the registry be paid to petitioner. After hearing, the trial court denied portions of the request without prejudice.
Subsequent to the District Court of Appeal's, Second District, affirmance of the sale procedure, petitioner renewed its motion directed to the remaining funds in the registry. By order dated April 9, 1975, filed April 10, 1975, the Circuit Court entered a "Second Order on Motion to Direct Payment" holding that petitioner was entitled to the funds remaining in the registry. Within 10 days, respondent filed a petition for rehearing directed to the order permitting payment of the funds to petitioner. By order dated May 22, 1975, the trial court denied the petition for rehearing. Respondent thereupon filed his notice of interlocutory appeal and notice of appeal from the "Second Order on Motion to Direct Payment" which notice was timely if measured from denial of the motion for rehearing and untimely if measured from the order directing payment. Petitioner filed a motion to quash the appeal as untimely filed since both notices of appeal were filed more than 30 days from the rendition date of the order being appealed. The District Court of Appeal, Second District, consolidated the notices of appeals and denied the motion to quash appeals.
An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Cf. Wagner v. Bieley, supra. Post decretal orders are not true interlocutory orders, and perhaps the term "interlocutory" is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment. Sub judice, the post decretal *80 order by the trial court to which the petition for rehearing was directed was dispositive of the question of disposition of the money paid to the receiver, and in itself, was a distinct adjudication so final in nature as to partake of the character of a final decree. A petition for rehearing could properly be addressed to it as one could be addressed to any final decree.
Wagner v. Bieley, supra, and Home News Publishing Co. v. U-M Publishing Co., Inc., supra, cited as the basis for conflict jurisdiction in this cause are to be distinguished from the instant matter since they did not involve post decretal orders final in nature, but rather involved interlocutory orders entered during the pendency of proceedings prior to final judgment. In Wagner, petitioner sought review to this Court of the District Court of Appeal's, Third District, order denying a motion to quash an interlocutory appeal from an order of the trial court which denied summary judgment. This Court therein held:
"Our rules as currently amended do not permit motions for rehearing directed to interlocutory orders, such as orders denying summary judgment; accordingly, such motions cannot operate to toll the time for filing an interlocutory appeal under the Rules."
This Court quoted with approval the following excerpt from Home News Publishing, supra:
"`... A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.'"
In Home News, defendants filed a motion to dismiss the action against them on ground of improper venue which motion was denied. They sought rehearing of the denial which was also denied and subsequently sought review by interlocutory appeal. The appellees moved to dismiss the appeal as untimely filed since the improper rehearing petition did not toll the running of the appeal time.
Since we find that the post decretal order in question is a final decree subject to petition for rehearing, the decision of the District Court refusing to dismiss the appeal therefrom was without error and is approved.
Accordingly, the writ of certiorari heretofore issued is discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
ENGLAND, J., concurs in result only.