351 So.2d 1040 (1976)
KHEM-TROLL, INC., a Florida Corporation; and Murray H. Michael, Individually, Appellants,
v.
Gilbert M. EDELMAN, Appellee.
No. 76-1440.
District Court of Appeal of Florida, Fourth District.
October 29, 1976.
Tanya M. Plaut, Orlando, for appellants.
Wallace F. Stalnaker, Jr., of Stephenson, Stalnaker & Beane, P.A., Casselberry, for appellee.
DOWNEY, Judge.

ON MOTION TO DISMISS APPEAL
Appellants' motion to vacate a final judgment pursuant to Fla.R.Civ.P. 1.540, was denied by order dated April 15, 1976. Appellants served a petition for rehearing within ten days; it was denied by order dated June 7, 1976. Notice of appeal was filed on July 6, 1976, to review the foregoing orders of April 15th and June 7th.
Appellee has moved to dismiss the appeal contending that the appeal should be directed to the final judgment. In opposition to said motion to dismiss appellants contend that this is an interlocutory appeal pursuant to Florida Appellate Rule 4.2, citing Bland v. Mitchell, 245 So.2d 47 (Fla. 1970).
If appellants' contention that the orders in question are interlocutory in nature and may be reviewed pursuant to Florida Appellate Rule 4.2 is correct, then the appeal is untimely because there is no provision in the rules for a petition for rehearing directed to an interlocutory order. Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Home News Publishing Co. v. U-M Publishing, Inc., 246 So.2d 117 (Fla.1st DCA 1971). Prior to publication of Clearwater Federal Savings & Loan Assn. v. Sampson, 336 So.2d 78 (Fla. 1976), we would have supposed the orders in question were interlocutory and subject to review pursuant to Rule 4.2, and with good authority. That is what the Supreme Court said in Bland v. Mitchell, supra. We would have dismissed this appeal as untimely since the petition for rehearing would not have extended the time for filing notice of appeal. See Southwest Electric Supply v. Banfield, 302 So.2d 810 (Fla.2d DCA 1974). However, in the Sampson case the Supreme Court has drawn a distinction between orders entered before and after final judgment. Therein the court states:
"An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the *1041 pendency of the proceedings before final judgment. Cf. Wagner v. Bieley, supra. Post decretal orders are not true interlocutory orders, and perhaps the term `interlocutory' is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment."
We are here dealing with a "post decretal order" which is dispositive of the question of whether or not the final judgment may be vacated under Fla.R.Civ.P. 1.540. Therefore, because of the holding in the Sampson case, the order denying appellants' motion to vacate is a "final post decretal order" subject to a plenary appeal. It follows therefore that appellants' petition for rehearing was proper and that it extended the time for appealing from the "final post decretal order."
For the foregoing reasons the appellee's motion to dismiss this appeal is denied, and appellants are directed to prosecute this appeal in accordance with Part III of the Florida Appellate Rules.
It is so ordered.
MAGER, C.J., and ALDERMAN, J., concur.