PER CURIAM.
The court dismisses this appeal sua sponte.
The record reflects that on April 2, 1979, the trial court entered an order, denying appellant’s motion to dismiss for improper venue. Although appellant could have filed a notice of interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A), it did not do so. Instead, it filed a motion for rehearing in the trial court, which was denied on April 23, 1979. On May 22, 1979, appellant filed a notice of appeal from the orders of April 2d[1] and 23rd.
The notice was not timely for the reason that there is no provision in the Florida Rules of Civil Procedure for a motion for rehearing directed to an interlocutory order. Khem-Troll, Inc. v. Edelman, 351 So.2d 1040 (Fla. 4th DCA 1976).
The order denying appellant’s motion to dismiss was plainly an interlocutory order, and a motion for rehearing directed to such an order does not operate to toll the time for the filing of an interlocutory appeal. Wagner v. Bieley, Wagner and Associates, Inc., 263 So.2d 1 (Fla.1972); Home News Publishing Company v. U-M Publishing, Inc., 246 So.2d 117 (Fla. 1st DCA 1971).
The dismissal of this appeal will not bar review of the trial court’s ruling on full appeal from final judgment.
APPEAL DISMISSED.
DOWNEY, C. J., and MOORE and GLICKSTEIN, JJ., concur.

. Appellant, in its Notice of Appeal, used April 4th as the date of the order denying the motion to dismiss.