392 So.2d 962 (1980)
William Stanley JENNINGS, Appellant,
v.
Viola Elizabeth JENNINGS, Appellee.
No. UU-33.
District Court of Appeal of Florida, First District.
December 31, 1980.
Rehearing Denied February 13, 1981.
*963 William N. DeCarlis, of Bates & DeCarlis, Jacksonville, for appellant.
Terence J. Kann, of Barton & Cox, Gainesville, for appellee.
MASON (Circuit Judge, Retired), Associate Judge.
This is an appeal from an order of the trial court dismissing Appellant's second amended complaint with prejudice, and from interlocutory orders of that court dismissing Appellant's original complaint and his first amended complaint. Since the trial court's order dismissing the second amended complaint with prejudice terminated the litigation between the parties, it was a final order of that court reviewable by this court under Rule 9.030(b)(1)(A), Fla. Rules of Appellate Procedure, 1977. Hollywood, Inc. v. Clark (S.Ct. 1943), 153 Fla. 501, 15 So.2d 175; Mills v. Beims (Fla.App. 1961), 132 So.2d 228; Chipola Nurseries, Inc. v. Division of Administration, etc. (Fla.App., 1st DCA, 1976), 335 So.2d 617.
Rule 9.130(g), Fla.App.Rules 1977, authorizes this court to review initially non-final orders where we are called upon to review the final order in a case, even though no timely appeal was taken from the non-final or interlocutory orders. Here on the appeal of the final order of the trial court timely taken, we are asked to review two non-final orders of the trial court dismissing the original and first amended complaints. An order denying or granting a motion to dismiss a complaint is an interlocutory or non-final order. Business Cards Tomorrow, Inc. v. Advisory Bd., Inc. (Fla. App. 1980) 379 So.2d 473. We thus have jurisdiction to review the orders of the trial court herein dismissing the original complaint, the first amended complaint and the final order dismissing the suit with prejudice, although timely appeals were not taken from the two non-final orders of the trial court.
This suit is one to establish and to modify a foreign decree of divorce rendered by a court of competent jurisdiction in the state of Idaho. It appears from the pleadings herein and exhibits attached thereto that Appellee herein, defendant below, was the plaintiff in the Idaho suit and was by that court granted a decree of divorce from Appellant herein, who was the defendant in that suit. She was awarded custody of the three minor children of the parties with the father (Appellant herein) being granted reasonable rights of visitation with the children, to be exercised in the mother's home or other place designated by her, and with the express prohibition against the father ever removing the children from the community of the mother's residence without her express consent. The father was ordered to pay certain designated support payments monthly to the mother for the support of the children. This decree was rendered March 22, 1976.
It is recited in the Idaho decree that prior to its entry, the parties to the suit had entered into a stipulation, among the provisions of which was one which would grant the father certain specific visitation privileges with the children, including the right of the father to have the two boys with him on certain major holidays and for a certain designated period in the summer school vacation time, after reasonable notice to the mother of the desire of the father to exercise such specific visitation privilege at any *964 given time. It appears from the record below that the Idaho court had entered a temporary order giving effect to such stipulation.
The Idaho final decree recites that subsequent to the stipulation and entry of the temporary order, the father took the two sons of the parties to the state of California without the knowledge or permission of the mother and in violation of the court's temporary order. Further, that the two children were not returned to the mother at the time required by the stipulation and such order. The court found that during such period of time, the children were kept overnight in the home of a homosexual, and that all of such conduct on the part of the father jeopardized the health of the children, as well as their moral and emotional well being, and exhibited instability and irresponsibility on the part of the father in caring for such children while in his custody. Consequently, the Idaho court in its decree modified the custody provisions of the stipulation by granting to the father only general reasonable rights of visitation, and in the community of the mother's residence, as we have recited above.
The father, Appellant herein, by this suit seeks to modify the visitation provisions of the Idaho decree to permit him to have the children with him, away from the mother, in an environment unsupervised by her, in a place designated by the court, and for an extended period of time in the summer and on normal holidays, under proper court supervision.
As a predicate for such requested modification, the first amended complaint herein alleges that since the rendition of the Idaho decree there have been material and substantial changes of circumstances to warrant a modification of plaintiff's (father's) visitation rights. The bases of such alleged changes are that the plaintiff has improved his situation by obtaining a doctoral degree and remaining gainfully employed, that he has shown his interest in the children by making numerous trips from the state of Massachusetts, site of his residence, to Florida, to see the children, and the need of the children because of their ages to have paternal contact and image in their rearing, which can only be brought about by expanded visitation on his part with them. At the time of the entry of the Idaho decree, the boys were of the ages of eight and six years, respectively, and the girl was one-and-a-half years old. At the time of the filing of this suit in April of 1979, they had each increased in age by over three years.
The father alleged that he had fulfilled all of the requirements of the Idaho decree, including payments of child support and an adherence to its regulations regarding his visitation rights.
The issue before us for resolution is whether the trial court abused his discretion by refusing to exercise jurisdiction to consider the complaint to modify the final decree of Idaho, and in dismissing the complaints of the Appellant. The issue's resolution turns upon the proper interpretation of Section 61.1318(2) F.S. (1977). That statute is as follows:
"61.1318-jurisdiction declined by reason of conduct 
(1) ...
(2) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
(3) ..."
The trial court dismissed the original complaint herein on the ground that because of plaintiff's violation of the temporary custodial order of the Idaho court, the above quoted statute precluded him from exercising jurisdiction in view of the absence of allegations in the complaint which, if proven, *965 would show that the exercise of his jurisdiction is required in the interest of the children.
We cannot fault the trial court's dismissal of this original complaint, not because of the quoted statute relied upon by him, but because that complaint does not contain sufficient allegations of change of circumstances since the entry of the Idaho final decree to justify a modification of the visitation rights set forth in that decree.
However, we think the trial court erred in dismissing the first amended complaint because, in our judgment, that complaint contained sufficient allegations of changed circumstances to require an evidentiary hearing on such allegations and Appellee's answer and second affirmative defense thereto. Here again, the trial court's reliance upon the quoted statute is not well taken because that statute is not applicable to the situation which confronted the trial court.
The purpose of Section 61.1318(2), F.S. (1977) is to prohibit the court from exercising jurisdiction to modify a custody decree of another state when it is shown to the court that the petitioner seeking modification has, without the consent of the custodian of a child, improperly removed the child from such custodian's physical custody, or improperly retained the child after a custodial visit or other temporary relinquishment of physical custody, after the entry of the custodial decree. The statute does not apply to improper conduct of the petitioner which occurred prior to the entry of the custodial decree. And certainly not, as is the case here, when the court entering such custodial decree took note of such misconduct in the rendition of such decree, applying proper sanction therefor. Any other interpretation of this statute would have the effect of forever foreclosing a parent's right to modify a foreign decree, even though such parent can establish such a change of circumstances as would justify its modification; and regardless of how circumspect has been such parent's life since the entry of the decree.
We hold that the trial court erred in dismissing the first amended complaint. Reaching this conclusion, we also hold that he erred in dismissing the suit because of Appellant's failure to file timely a second amended complaint. The amended complaint stated a cause of action and should not have been dismissed, thus foreclosing the necessity of filing any further complaint.
We reverse and remand for further proceeding in the trial court in accord with the opinions herein expressed.
REVERSED.
LARRY G. SMITH and SHIVERS, JJ., concur.