394 So.2d 161 (1981)
David PINGREE, Secretary of the Florida Department of Health and Rehabilitative Services, Appellant,
v.
Portia Elaine QUAINTANCE, Demetrius Denese Quaintance, Sean Connery Quaintance, and Latricia Ann Spencer, by and through Her Next Friend, Ruby Pearl Quaintance, Individually and On Behalf of All Others Similarly Situated, Appellees.
No. SS-125.
District Court of Appeal of Florida, First District.
February 11, 1981.
*162 Robert M. Eisenberg and Chester G. Senf, Jacksonville, for appellant.
Marie Y. Janiewski and Paul C. Doyle, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellant seeks review of the trial court's order denying a motion for new trial, rehearing and relief from judgment. We affirm.
On August 9, 1977, appellees filed a class action seeking declaratory and injunctive relief to compel the Department to institute judicial review of all cases in which a child had been committed to foster care for a continuous six-month period as provided in Section 409.168(3)(a), Florida Statutes (1977). In its answer and in its response to a request for admissions, the Department admitted that it had not instituted proceedings in each case as required by the statute. Pursuant to motion, the trial court entered a summary judgment against the Department mandatorily enjoining it from failing to initiate the required judicial review. The Department moved for a new trial, rehearing and relief from judgment asserting that there had been no showing of irreparable harm and that the Department was in substantial compliance. The Department argued below and on appeal that it was excused from complete compliance due to its budgetary limitations.
We agree with the trial court and now hold that Section 409.168, Florida Statutes (1977), creates a right to judicial review in all cases in which children have been adjudicated dependent and have remained in continuous foster care for six months.[1] We note especially the statement of legislative intent found in Section 409.168(1), Florida Statutes (1977), which provides:
The Legislature finds that 7 out of 10 children placed in foster care do not return to their biological families after the first year and that permanent homes could be found for many of these children if their status were reviewed periodically and they were found eligible for adoption. It is the intent of the Legislature, therefore, to help ensure a permanent home for children in foster care by requiring periodic review and report on their status.
We further hold that the denial of this mandatory review creates irreparable harm for which injunctive relief is particularly appropriate. Since the Department admitted that it was not in compliance with the statutory requirements imposed upon it by Section 409.168, Florida Statutes (1977), the trial court correctly determined that there existed no material issue of fact and appropriately entered a summary judgment.
The trial court also correctly denied the Department's posttrial motions. The purpose of a motion for rehearing is to give the trial court an opportunity to consider matters which it failed to consider or overlooked. Diamond Cab Co. of Miami v. King, 146 So.2d 889 (Fla. 1962). The motions below merely set forth matters which had previously been considered by the trial court. The affidavit attached to the motions reflecting the Department's budgetary request for the years 1978 through 1981 *163 presented the trial court with no new material information upon which it could alter its decision. The trial court appropriately denied the motion for new trial because the matter was heard without a jury. Fla.R. Civ.P. 1.530. Motion for relief from judgment is insufficient. The only criterion which could arguably apply to this cause is that the motion presented newly discovered evidence. Since the budgetary request was obviously within the Department's control, the evidence cannot be newly discovered. Fla.R.Civ.P. 1.540.
Accordingly, the judgment of the trial court is AFFIRMED.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.
NOTES
[1] The fact that the statutory duty to institute judicial review now falls on the clerk of the circuit court has no bearing on our resolution of this issue. § 409.168(3)(f)2, Fla. Stat. (Supp. 1980).