486 So.2d 1386 (1986)
Robert FRANCISCO and B & E Foundations, Inc., Appellants,
v.
VICTORIA MARINE SHIPPING, INC., Appellee.
No. 85-911.
District Court of Appeal of Florida, Third District.
April 15, 1986.
*1387 Joseph T. Robinson, Steven R. Berger and Diane Kuker, Miami, for appellants.
Fertig & Gramling and Frank Gramling, Fort Lauderdale, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal from an order which granted a petition for rehearing and vacated both a prior order denying relief from final judgment and the final judgment.
Francisco and B & E Foundations, Inc., [collectively B & E] filed a complaint for damages against Victoria Marine Shipping, Inc. [Victoria Marine]. Victoria Marine filed its answer and a motion to dismiss. Thereafter, B & E filed a notice to produce documents and written interrogatories. After Victoria Marine failed to produce and to answer interrogatories, B & E filed a motion to compel production of documents and answers to interrogatories. B & E's motion was granted; however, Victoria Marine failed to comply with the trial court's order. B & E then moved for imposition of sanctions. Victoria Marine failed to appear at the hearing on B & E's motion, and, as a consequence, the trial court struck Victoria Marine's pleadings and entered a default against Victoria Marine.
B & E submitted a damage affidavit in support of final judgment but failed to serve a copy of the affidavit on Victoria Marine. On July 16, 1984, the trial court entered final judgment for B & E. Thereafter, proceedings were held in aid of execution.
On or about December 10, 1984, Victoria Marine filed a motion for relief from judgment and a supporting memorandum. The motion advanced three grounds for relief: (1) that failure of B & E to serve a copy of the damage affidavit constituted a mistake within the meaning of Florida Rule of Civil Procedure 1.540(b)(1); (2) that B & E misrepresented the amount of its liquidated damages, and that such misrepresentation fell within the purview of Florida Rule of Civil Procedure 1.540(b)(3); and (3) that the judgment was void within the meaning of Florida Rule of Civil Procedure 1.540(b)(4) because Victoria Marine did not receive a copy of the damage affidavit or notice of an order setting the matter for trial on unliquidated damages and, as a result, was denied the right to contest the damages claimed by B & E. The motion was denied on February 5, 1985. On February 13, 1985, Victoria Marine moved for rehearing. After a hearing on the motion, on June 12, 1985, the trial court set aside its denial of the motion for relief from judgment as well as the final judgment and set the cause for non-jury trial. It is from this last order that B & E appeals.
B & E raises three points on appeal. We need only address the first  specifically, whether a trial court has the authority to entertain a motion for rehearing directed to an order denying a motion for relief from judgment  because resolution of this issue *1388 renders consideration of the other points unnecessary.

I
To support its contention that the trial court did not have the authority to entertain the motion for rehearing on the order denying the motion for relief from judgment, B & E relies principally upon Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982), and its progeny Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983); Atlas v. City of Pembroke Pines, 441 So.2d 652 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 485 (Fla. 1984); and Irwin v. Walker, 468 So.2d 241 (Fla. 2d DCA 1984). These cases are bottomed on the theory that because orders on 1.540 motions are included within the rule governing review of non-final orders (Florida Rule of Appellate Procedure 9.130), see Fla.R.App.P. 9.130(a)(5), these orders are non-final for purposes of determining whether the trial court has the jurisdiction to consider a motion for rehearing. We cannot agree with the underpinning rationale of these cases. Florida Rule of Appellate Procedure 9.130(a)(5) merely declares the method by which orders on 1.540 motions are to be appealed.[1] This subsection does not change the nature of orders entered on 1.540 motions; nor does it specify that such orders are "non-final" as the second district court states in Potucek, 419 So.2d at 1193. The supreme court, apparently, determined that, given the limited nature of the inquiry and the process attendant to 1.540 motions, the abbreviated method of review set forth in appellate rule 9.130 is more appropriate for orders entered on 1.540 motions than the plenary method set forth in appellate rule 9.110. Nothing in the language of rule 9.130 indicates that the supreme court intended anything more. We do not think the answer to this issue lies within the rules of appellate procedure.

II
At common law a trial court had absolute control over its orders and judgments and could amend, correct, open, or vacate them at any time during the term at which they were rendered. Revell v. Dishong, 129 Fla. 9, 19, 175 So. 905, 908 (1937); Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); 49 C.J.S. Judgments § 229 (1947). After expiration of the term, final judgments and decrees generally passed beyond the court's control. Kroier v. Kroier, 95 Fla. 865, 872, 116 So. 753, 756 (1928); Alabama Hotel Co. With the adoption of the civil rules of procedure, however, the common law "end of term" rule was abolished in Florida. Ramagli Realty Co. v. Craver, 121 So.2d 648, 653 (Fla. 1960). The power of the trial court is no longer affected by the continued existence or expiration of a term of court. Fla.R.Civ.P. 1.090(c). The trial court's authority to modify, amend, or vacate an order or final judgment after rendition of the final judgment[2] is limited *1389 to the time and manner provided by rule or statute. Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla. 1970); Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965); Fidelity & Casualty Co. v. Palomino, 394 So.2d 448 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla. 1981). Under the present rules, after the rendition of the final judgment, the trial court retains jurisdiction for the ten-day period during which a motion for rehearing may be filed and, if filed, until disposition of the motion. The trial court thereafter loses jurisdiction except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540.[3]Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983); St. Cloud Utilities v. Moore, 410 So.2d 973, 974 n. 3 (Fla. 5th DCA 1982).
The rules which provide for the correction of error are designed to strike a balance between two competing goals: "[F]irst, that justice be as exact and as free from error as human fallibility of judgment permits; and, second, that litigation be finally terminated as quickly as due process and necessary reflection allows." Kippy Corp., 177 So.2d at 196. In Kippy Corp., the supreme court stressed the importance of the second of these two goals:
These restrictions on the authority of trial courts to modify or vacate their final orders and on appellate courts to entertain appellate review constitute an implementation of the primary goal of an early final end to litigation. Without such restrictions and strict observance of them the goal of early and final end of causes would be wholly defeated.
* * * * * *
A litigant is not only entitled to have his cause decided; he is entitled to know that an order deciding it is final and will not be disturbed, except on appeal, or under the conditions prescribed by the rules.
Id. at 197.
The Florida Rules of Civil Procedure provide for two mechanisms by which a trial court can reconsider and correct its prior decision. The first is the motion for rehearing of non-jury matters (or motion for new trial of matters heard by a jury). Fla.R.Civ.P. 1.530. The purpose of a motion for rehearing is to give the trial court an opportunity to consider matters which it overlooked or failed to consider, Pingree v. Quaintance, 394 So.2d 161 (Fla. 1st DCA 1981), and to correct any error if it becomes convinced that it has erred. Elmore v. Palmer First National Bank & Trust Co. of Sarasota, 221 So.2d 164, 166 (Fla. 2d DCA 1969). The second mechanism is the motion for relief from judgment (or decrees or orders). Fla.R.Civ.P. 1.540. "[R]ule *1390 1.540 is designed to provide one additional, although restrictive, mechanism whereby the trial court can reconsider and correct its prior decision if necessary." Pruitt, 437 So.2d at 773. Both mechanisms provide a mode of attacking a final judgment and, thus, implicate the "finality" interest discussed in Kippy Corp.[4]

III
Motions for rehearing are governed by Florida Rule of Civil Procedure 1.530. Rule 1.530 provides in part:
(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
In Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972), the supreme court held that rule 1.530 does not authorize motions for rehearing directed to interlocutory orders. In so doing, the court quoted with approval the following passage from Home News Publishing Co. v. U-M Publishing, Inc., 246 So.2d 117, 118 (Fla. 1st DCA 1971):
A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then its filing is improper... .[5] (Emphasis added.)
Consistent with Wagner and Home News, see also Laytner v. Humble Oil & Refining Co., 262 So.2d 675 (Fla. 1972); Armstrong v. Pet Memorials, Inc., 301 So.2d 150, 151 n. 1 (Fla. 4th DCA 1974), we conclude that rule 1.530 authorizes only those motions for rehearing which are directed to final judgments.[6] The pivotal *1391 question then is whether an order denying a motion for relief from judgment constitutes a "final judgment" within the contemplation of rule 1.530.
The Florida supreme court has defined a final judgment as
one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recover by the remedy chosen or completely and finally disposes of a branch of the cause which may be separate and distinct from other parts thereof.
Irving Trust Co. v. Kaplan, 155 Fla. 120, 125, 20 So.2d 351, 354 (1944). In Clearwater Federal Savings & Loan Association v. Sampson, 336 So.2d 78, 79 (Fla. 1976), the Florida supreme court, in distinguishing orders entered after final judgment from those entered before, stated:
An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Cf. Wagner v. Bieley, supra. Post decretal orders are not true interlocutory orders, and perhaps the term "interlocutory" is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment. (Emphasis added.)
An order denying a motion for relief from judgment is final in nature. 7 J. Moore, J. Lucas, Moore's Federal Practice ¶ 60.30[3] (2d ed. 1985). It completes the judicial labor on the issues raised by the motion, see Kippy Corp., 177 So.2d at 195-96; Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981); Florida Farm Bureau Insurance Co. v. Austin Carpet Service, Inc., 382 So.2d 305 (Fla. 1st DCA 1979), and no further proceedings in the cause are contemplated upon rendition of the order.[7]See DeFilippis v. DeFilippis, 378 So.2d 325 (Fla. 4th DCA 1980). In addition, the order constitutes a "distinct adjudication of rights which have not been adjudicated in the original final judgment." Sampson, 336 So.2d at 79. Nevertheless, an order denying a 1.540 motion can be distinguished from the type of post-decretal order at issue in Sampson. The order in Sampson determined a "portion of the cause." 336 So.2d at 79. The order was dispositive of a question concerning a substantive right  the right to payment of certain funds  which had not been adjudicated in the final judgment. An order entered on a 1.540 motion, on the other hand, does not adjudicate the merits of the action or determine substantive rights. Rather, it is a ruling on a motion that decides essentially collateral issues. As such, it constitutes an order that does not rise to the level of a judgment. 46 Am.Jur.2d Judgments § 3 (1969).

IV
We conclude that an order denying relief from final judgment, though final, is not a "judgment" within the meaning of Florida Rule of Civil Procedure 1.530 and that the trial court was, therefore, without authority to entertain Victoria Marine's motion for rehearing. Cf. Volumes in Value, Inc. v. Buy Mail International, Inc., 177 So.2d 511 (Fla. 3d DCA 1965) (trial court erred in entertaining what was in substance a motion for rehearing of an order *1392 denying motion for new trial as the applicable rules of procedure make no provision for a motion for rehearing of such an order). A holding to the contrary would permit parties to mount yet another attack upon a final judgment. As the supreme court stated in Austin Tupler Trucking, Inc. v. Hawkins, 377 So.2d 679, 681 (Fla. 1979): "[T]here must be a terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein."
The order under review is reversed. The trial court is directed to reinstate the order denying the motion for relief from judgment as well as the final judgment.
Reversed and remanded with directions.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(a)(5) reads: "Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule."
[2] With respect to the trial court's authority to modify, amend, or vacate orders prior to rendition of final judgment, the law is somewhat equivocal. In Wagner v. Bieley, Wagner & Assocs., 263 So.2d 1 (Fla. 1972), the court held that a motion for rehearing on an interlocutory order is not authorized by the rules of civil procedure and, therefore, the filing of such a motion for rehearing is improper. The court had previously held, though, that a trial court has the inherent authority to control its own interlocutory orders prior to the entry of final judgment. North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla. 1962); accord Travelers Indem. Co. v. Walker, 401 So.2d 1147, 1149 n. 3 (Fla. 3d DCA 1981); Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979). In Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984), the fourth district court, citing Barber, held that, while a non-final (interlocutory) order is not "subject" to a petition for rehearing (i.e., the rules of civil procedure do not authorize petitions for rehearing directed to interlocutory or non-final orders), the trial court, nevertheless, may, in its discretion, entertain a petition for rehearing directed to such an order. Trawick provides a possible solution to the apparent conflict created by these cases. According to Trawick, the motion for rehearing in Commercial Garden Mall was incorrectly designated  it actually constituted a motion for reconsideration. H. Trawick, Trawick's Florida Practice and Procedure § 9-2 n. 2 (1985 ed.) [hereinafter Trawick]. A trial court, Trawick maintains, has the inherent authority to reconsider its orders prior to rendition of the final judgment. Trawick § 9-2.

Whether the trial court has the inherent authority to entertain motions for rehearing on interlocutory orders is not an issue we need decide. We do not think, however, that any inherent authority the court possesses extends beyond the entry of final judgment.
[3] In Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223, (Fla. 1986), the court stated:

Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.
Florida Rule of Civil Procedure 1.090(b) reads:
Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, [may] order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect but it may not extend the time for making a motion for new trial, motion for rehearing or motion to alter or amend a judgment or a motion for relief from a judgment under Rule 1.540(b) or for taking an appeal or filing petition for certiorari or for making a motion for a directed verdict. (Emphasis added.)
This rule provides additional support for the conclusion that the jurisdiction of the trial court granted by rule 1.540 is extremely limited.
[4] This is true notwithstanding the fact that rule 1.540 "does not affect the finality of a judgment or decree or suspend its operation." Fla.R. Civ.P. 1.540(b). While the judgment may be final for appellate and execution purposes, it is not final in the sense that it is beyond assailment.
[5] In addition to subsection (a), set forth in the text, the following subsections from rule 1.530 indicate that the rule was intended only to apply to judgments:

(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
* * * * * *
(d) On Initiative of Court. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
(e) When Motion for Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, new trial or to alter or amend the judgment. (Emphasis added.)
We note that the rules of civil procedure are set out in a logical progression. The particular placement of rule 1.530 within the sequentially ordered scheme (i.e., following the rules pertaining to final judgments and summary judgments (rules 1.500 and 1.510) and preceding rule 1.540) lends further support for the determination that rule 1.530 authorizes only motions for rehearing directed to judgments.
[6] The statements in Potucek, Weede, and Irwin, that rule 1.530 authorizes rehearings on final orders (as well as final judgments), see 419 So.2d at 1193; 433 So.2d at 992; 468 So.2d at 242, are essentially dicta because, in each of those cases, the court determined that the order entered on a 1.540 motion constituted a non-final order. To the extent that rule 1.530 authorizes rehearings on final orders that are not true final judgments, it is our conclusion that such authorization extends only to those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor on a portion of the cause. Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So.2d 78, 79 (Fla. 1976). See also Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974).
[7] An order granting relief from judgment will, in most instances, be non-final since, ordinarily, further proceedings in the cause are contemplated after rendition of the order. 7 J. Moore, J. Lucas, Moore's Federal Practice, ¶ 60.30[3] (2d ed. 1985).