ANSTEAD, Judge,
concurring specially.
I write separately only because there are conflicting decisions in this district as to whether an order denying a motion under Rule 1.540, Florida Rule of Civil Procedure, is a final order subject to a motion for *1089 rehearing under Rule 1.530. We have concluded that a motion for rehearing was not authorized, and therefore this appeal was not timely filed.
In Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982), it was held that orders entered under Rule 1.540(b) are not subject to rehearing under Rule 1.530. The second district relied on Florida Rule of Appellate Procedure 9.130 which specifies that orders entered under rule 1.540 are subject to review as non-final orders. However, in an earlier decision, this court, citing, Clearwater Federal Savings & Loan Assn. v. Sampson, 336 So.2d 78 (Fla.1976), held to the contrary in Khem-Troll, Inc. v. Edelman, 351 So.2d 1040 (Fla. 4th DCA 1976). In Clearwater, the supreme court stated, “An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the penden-cy of the proceedings before final judgment.” Cf. Wagner v. Biely, Wagner & Associates, Inc., 263 So.2d 1 (Fla.1972). The Khem-Troll court reasoned that the order denying the motion to vacate the judgment was a post decretal order because it was dispositive of the question of whether or not the final judgment should be vacated under Rule 1.540. Therefore, this court stated, “because of the holding in the Sampson case, the order denying appellant’s motion to vacate is a ‘final post-decretal’ order subject to a plenary appeal. It follows therefore that appellant’s petition for rehearing was proper and that it extended the time for appealing from the ‘final post-decretal order’.” Khem-Troll at 1041.
More recently, however, this court has cited Potucek in holding that there is no provision for filing a petition to rehear an order entered under rule 1.540, and therefore the filing of such a petition does not toll the appeal filing period. See Intercoastal Marine Towers v. Suburban Bk., 506 So.2d 1177 (Fla. 4th DCA 1987); Atlas v. City of Pembroke Pines, 441 So.2d 652 (Fla. 4th DCA 1983) (wherein this court specifically stated that “an order denying a motion for relief from judgment, pursuant to rule 1.540(b), Florida Rule of Civil Procedure, is not subject to a motion for rehearing.”); and Tacy v. Davis, 425 So.2d 603 (Fla. 4th DCA 1982). Thus, there appears to be a conflict between this court’s holding in Khem-Troll and its later decisions in Intercoastal Marine, Atlas, and Tacy.
One way to reconcile these cases is found in the fact that Khem-Troll was decided prior to the adoption of Florida Rule of Appellate Procedure 9.130. Since the holding in Potucek was premised upon the language of that rule, Khem-Troll is distinguishable. However, it may be that the holding in Khem-Troll was also incorrect because it misapplied the teaching of Clearwater. In Clearwater, the supreme court specifically stated, “a petition for rehearing could properly be directed to such a post-decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.” Id. at 79. The order in Clearwater, an order granting the payment of funds held by the court, was such an adjudication. As such, it was a final and distinct adjudication of rights which had not been adjudicated in the final judgment of foreclosure. The motions to vacate the judgment in Khem-Troll and here, however, were clearly not final and distinct adjudications of rights which had not been adjudicated in the original final judgments. Rather, it was a decision on the issue of whether the judgment was properly entered, an issue collateral to the substance of the final judgment.
This conclusion is supported by the third district’s decision in Francisco v. Victoria Marine Shipping, 486 So.2d 1386 (Fla. 3d DCA 1986). In Francisco, the third district, in a scholarly analysis by Judge Jor-genson, disagreed with the rationale of Po-tucek and its progeny stating, “these cases are bottomed on the theory that because orders on 1.540 motions are included within the rule governing review of non-final orders (Florida Rule Appellate Procedure 9.130) ... [they] are non-final for purposes of determining whether the trial court has the jurisdiction to consider a motion for rehearing.” 486 So.2d at 1388. The court disagreed that the method provided for review could determine the nature of the *1090 order being reviewed. Nevertheless, the court concluded that an order denying relief from final judgment, though final, is not a “judgment” giving rise to a right to rehearing within the meaning of Rule 1.530:
An order denying a motion for relief from judgment is final in nature. 7 J. Moore, J. Lucas, Moore’s Federal Practice, § 60.30[3] (2d Ed.1985). It completes the judicial labor on the issues raised by the motion, (citations omitted) and no further proceedings in the cause are contemplated upon rendition of the order, (f.n. omitted, citation omitted). In addition, the order constitutes a ‘distinct adjudication of rights which have not been adjudicated in the original final judgment.’ (citation omitted). Nevertheless, an order denying a 1.540 motion can be distinguished from the type of post decretal order at issue in [Clearwater Federal Savings & Loan Assn. v. Sampson, 336 So.2d 78 (Fla.1976)]. The order in Sampson determined a ‘portion of the cause.’ 336 So.2d at 79. The order was dispositive of a question concerning a substantive right — the right to payment of certain funds — which had not been adjudicated in the final judgment. An order entered on a 1.540 motion, on the other hand, does not adjudicate the merits of the action or determine substantive rights. Rather, it is a ruling on a motion that decides essentially collateral issues. As such, it constitutes an order that does not rise to the level of a judgment. 46 Am.Jur.2d Judgments, § 3 (1969).
Francisco at 1391.
Hence, the court concluded that only post-judgment orders that deal with some portion of the substance of the cause are subject to rehearing. By this reasoning, the summary conclusion in Khem-Troll that a motion to vacate a judgment, pursuant to rule 1.540, is a “final post decretal order” giving rise to a motion for rehearing because it disposes of the question of whether the order will be vacated, appears unsound. Under Francisco, the inquiry is not whether the order disposes of the motion but whether it determines a substantive right of a party that was not adjudicated in the original final judgment. Therefore, as in Francisco, the order denying the motion for relief from judgment in this case, while final, did not determine the rights of the parties affected thereby, and is not a judgment within the contemplation of Florida Rule of Civil Procedure 1.530. Thus, the motion for rehearing in this case was unauthorized and did not toll the filing period. Litigants should be on notice that they must appeal orders denying motions under rule 1.540 within 30 days or be barred from appellate review.