PER CURIAM.
We elect to treat this proceeding as an application for certiorari review of an order which granted rehearing of an order denying a motion to transfer a case to another division of the circuit court and then granted the motion instead. In our view, the order on rehearing departed from the essential requirements of the law by granting rehearing in the absence of any cognizable basis for doing so,[1] see Pingree v. Quaintance, 394 So.2d 161 (Fla. 1st DCA 1981), and caused harm which could not be effectively remedied on appeal. Hence, in the exercise of our discretion, certiorari is granted,[2] and the order on rehearing is quashed. The lower court case in question shall remain pending in the division in which it was blind filed.
Certiorari granted.

. The only thing which changed between the first hearing and the second was the particular lawyer who appeared for the moving party-

. Our disposition of the case makes it unnecessary to determine whether the transfer judge correctly denied the petitioner's motion to disqualify him which was based on, among others, the admitted ground that he was personally represented in another case by counsel for the movant, because, as the respondents now argue, the conflict was waived. We may say, however, that we have grave doubts — which we fortunately need not resolve — as to the efficacy of the waiver argument under the disturbing set of circumstances — which we fortunately need not detail — which occurred below.