FARMER, J.
 

 Exercising our discretion to grant extraordinary review,
 
 [1]
 
 we quash a decision of the Seventeenth Judicial Circuit in its appellate capacity and return this case for the issuance of a Mandate to the County Court for Broward County to consider and decide petitioner’s motion for relief from a default under rule 1.540(b).
 
 [2]
 
 We conclude that the Circuit Court departed from the essential requirements of law, failing to provide petitioner due process and apply the correct law; hence a miscarriage of justice.
 
 [3]
 

 Petitioner is the tenant in an eviction action in the County Court. After being sued, he filed a motion to determine the amount of rent to be paid into the court registry.
 
 [4]
 
 That court then entered a de
 
 *440
 
 fault against petitioner. With no final judgment having been entered in the eviction case, he tried to appeal the default to the Circuit Court, filing two separate notices of appeal. In the Seventeenth Circuit an appeal from the County Court is assigned to a single Circuit Judge for decision. Two different Circuit Court Judges were assigned to the two cases, each treating them as appeals. On the first filing, Judge Moe affirmed the default; on the second filing, Judge Luzzo reversed it.
 

 The Circuit Court exceeded its appellate jurisdiction. An order merely entering a default without a consequent final judgment is not a final order.
 
 [5]
 
 The Circuit Courts do not have any general jurisdiction under the appellate rules to review non-final orders — such as the entry of a default without a final judgment.
 
 [6]
 

 As
 
 for general law, nothing in Chapters 26 or 83, part II, Florida Statutes, purports to give Circuit Courts appellate jurisdiction to review non-final orders merely entering a default.
 
 [7]
 
 The Circuit Court should have dismissed the appeals for lack of appellate jurisdiction.
 

 Petitioner next filed a motion for relief from the default under rule 1.540(b), but the County Court followed the Mandate of the first judge, closed the case, and dismissed the motion for relief from the default on the grounds that it lacked jurisdiction to consider any such motion. Petitioner thereupon appealed that decision to the Circuit Court, which was — predictably — assigned to yet a third Judge. Judge Carney in turn dismissed the appeal on the grounds that the dismissal of a rule 1.540(b) motion was not appealable. This was a departure from the essential requirements of law because it is appealable as a final order.
 
 [8]
 

 To repeat, the Circuit Court lacked jurisdiction over the attempts to appeal the non-final order of the County Court entering the default. Consequently the Mandate of the Circuit Court affirming the default had no effect. Yet the Circuit Court did have final appeal jurisdiction as to the County Court’s dismissal of the motion under rule 1.540(b) because it was a final order on that subject.
 
 [9]
 
 The only
 
 *441
 
 possible outcome for the later appeal to the Circuit Court was to reverse the dismissal and direct the County Court to consider the motion for relief on the merits.
 

 The County Court should give petitioner a hearing on the merits of his rule 1.540(b) motion and decide whether petitioner has shown any basis for relief from the default. In so doing, the County Court is free to address the issue in the first instance as to the correct interpretation of § 83.60(2), Fla. Stat. (2008).
 

 Writ granted; decision quashed.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . Although filed as an appeal, we treat this case as a petition for common law certiorari to review a decision of the Circuit Court in its appellate capacity. See Fla. R.App. P. 9.040(c).
 

 [2]
 

 .
 
 Combs v. State,
 
 436 So.2d 93 (Fla.1983) (district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice).
 

 [3]
 

 . See
 
 also Broward County v. G.B.V. Intern. Ltd.,
 
 787 So.2d 838 (Fla.2001);
 
 Florida Power & Light Co. v. City of Dania,
 
 761 So.2d 1089 (Fla.2000).
 

 [4]
 

 .See
 
 § 83.60(2), Fla. Stat. (2008) (failure of tenant to file motion to determine amount of rent to be paid into the registry entitles landlord to immediate default judgment; when tenant challenges amount of rent alleged tenant must furnish documentation as to the amount). Tenant raises a substantial argument that the text of the statute allows a default only if a tenant fails to file such a motion, not that documentary proof must be filed with the motion. Although we may con-
 
 *440
 
 elude that such an argument presents a substantial basis to reverse a decision of the trial court, we refrain from actually deciding that issue herein.
 

 [5]
 

 .
 
 Dawkins Inc. v. Huff,
 
 836 So.2d 1062 (Fla. 5th DCA 2003) (clerk's default not reviewable as non-final order under rule 9.130).
 

 [6]
 

 .
 
 See Blore v. Fierro,
 
 636 So.2d 1329, 1331-32 (Fla.1994) (while Supreme Court is given exclusive rule-making authority over interlocutory appeals to district courts, Constitution does not give Supreme Court authority for appeals from county court to circuit court, which is established solely by general law enacted by legislature);
 
 see also
 
 Fla. R.App. P. 9.030(c)(1)(B).
 

 [7]
 

 .
 
 See City of Tampa v. Ippolito,
 
 360 So.2d 1316 (Fla. 2d
 
 DCA
 
 1978) (Circuit Court appellate jurisdiction is only from final judgments and orders of the County Court; but statute gives Circuit Court jurisdiction by certiorari to review petition by State from order of County Court suppressing evidence).
 

 [8]
 

 .
 
 Khem-Troll Inc. v. Edelman,
 
 351 So.2d 1040 (Fla. 4th DCA 1976) (order disposing of motion for relief under rule 1.540(b) is final order "subject to plenary review”);
 
 see also Bastida v. Vitaver,
 
 590 So.2d 1092 (Fla. 3d DCA 1991) (same);
 
 Francisco v. Victoria Marine Shipping Inc.,
 
 486 So.2d 1386 (Fla. 3d DCA),
 
 rev. denied,
 
 494 So.2d 1153 (Fla.1986) (same).
 

 [9]
 

 . The County Court continued to have jurisdiction over the eviction action and should not have dismissed the motion for relief from the default. Even if the Circuit Court actually had appellate jurisdiction over the first two appeals, the motion for relief from the default would not have been foreclosed by appellate decision. The appeals dealt only with whether a default was duly and regularly entered, not with whether there had been a meritori
 
 *441
 
 ous showing under rule 1.540(b) to vacate the default.