PER CURIAM.
Suzana Popescu (Popescu) seeks prohibition to bar the Palm Beach Circuit Court from exercising jurisdiction over a motion for rehearing in a post-judgment foreclosure action. We deny the petition for reasons which follow.
Respondent Laguna Master Association, Inc. (Association) sued Fay Morrison (Morrison) for unpaid homeowner’s association dues and obtained a final judgment against her for $8,244.02. At the foreclosure sale of the property, Popescu was the highest bidder. After the certificate of title was recorded, the Association filed a motion to vacate the foreclosure sale and certificate of title, and to refund the purchase price to the purchaser. The motion alleged that the subject property had been sold by Morrison to St. Michael Properties, LLC. (St. Michael) prior to the lien foreclosure sale and that the Association had mistakenly failed to cancel the foreclosure sale. The Association alleged mistake, accident and redemption. St. Michael and Supreme Title & Escrow, Inc. (Supreme Title) moved to intervene, to vacate the foreclosure sale and certificate of title, and to refund the purchase price to the purchaser.
The circuit court heard argument and denied the motions to vacate. The court ruled that Morrison had not retained title *450 to the property when she purportedly sold it to St. Michael. Further, the court ruled that because there had been no redemption, it was without jurisdiction to vacate the foreclosure sale or certifícate of title. The Association, St. Michael, and Supreme Title moved for rehearing of the order denying their motions to vacate. The circuit court granted rehearing in an order which it later clarified, allowing all parties and purchasers requesting rehearing to be heard by another judge due to the original judge’s unavailability.
Popescu filed an emergency motion to reconsider and/or vacate the order granting rehearing, in which she argued that the circuit court lacked jurisdiction to entertain rehearing of an order denying a motion to vacate. The judge then presiding denied the motion, relying essentially on Clearwater Federal Savings & Loan Assn. v. Sampson, 336 So.2d 78 (Fla.1976). There, the Supreme Court of Florida held that a postforeclosure judgment order which was dispositive of a separate issue, entitlement to money paid to a receiver, constituted a “final post decretal order,” from which a motion for rehearing could lie. Id. at 79. The court ruled that the order on entitlement to money paid to a receiver was a distinct adjudication on an issue which had not been addressed in the original mortgage foreclosure final judgment. Id,. As such, it was “so final in nature as to partake of the character of a final decree. A petition for rehearing could properly be addressed to it as one could be addressed to any final decree.” Id. at 80.
In this petition for writ of prohibition, Popescu argues that once the original judge denied the motions to vacate foreclosure sale, the circuit court lost jurisdiction to consider a motion for rehearing. She also argues that the order denying the motions to vacate the foreclosure sale was non-final in nature, such that rehearing could not lie. We disagree. The circuit court’s order denying the motions to vacate the foreclosure sale was a discrete final order, separate from the final lien foreclosure judgment. This order was a final adjudication of the parties’ rights on issues distinct from those before the court prior to the lien foreclosure judgment. As such, it was properly the subject of a motion for rehearing under Florida Rule of Civil Procedure 1.530. See Clearwater, 336 So.2d at 79-80; see also Remington v. Remington, 705 So.2d 920, 922 (Fla. 4th DCA 1997); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390 (Fla. 3d DCA 1986).

Petition denied,.

WARNER, TAYLOR and MAY, JJ„ concur.