MELVIN, Judge.
Appellant brings for review the post judgment order dated July 28, 1978, wherein the trial court, without jurisdiction so to do, attempted to amend the provisions of a final judgment entered in this cause on June 11,1975. The final judgment required that Archibald Wilkinson and Gwendolyn J. Wilkinson pay to Tiny N. Wilkinson the sum of $2,400 plus interest and costs as therein set forth within 90 days from the entry of such final judgment, and that upon failure to make such payment Archibald and Gwendolyn J. Wilkinson were ordered and directed to execute a good and sufficient warranty deed conveying the subject property to Tiny N. Wilkinson free of encumbrances. Such final judgment then provided for adjustment between Tiny N. Wilkinson and Archibald and Gwendolyn J. Wilkinson of items relating to taxes and costs for improvements. No appeal was taken from such final judgment.
The requirement that said such sum of money be paid within 90 days was not complied with. Therefore, Tiny N. Wilkinson was under the terms of such final judgment entitled to have the property conveyed to her by warranty deed. No such conveyance was made. No delay in the offering of the required compensation is chargeable to Tiny N. Wilkinson or her personal representative, Shirley Hardin. No delay with reference to the execution and delivery of the warranty deed is chargeable to Tiny N. Wilkinson, or to her personal representative Shirley Hardin.
It does not appear from this record that there occurred any matter that would be recognized as mistake, inadvertence, or excusable neglect that would permit Archibald and Gwendolyn J. Wilkinson to seek refuge in the provisions of Fla.R.Civ.P. 1.540(b).
This record reflects that following the 90th day after the entry of the final judgment referred to there were filed several motions for and orders entered granting further extensions of time for payment. The paregoric therapeutic effect thereof lingered until the entry of the “final judgment in favor of defendants” dated July 28, 1978, purporting to extend again for some 36 hours the time within which Archibald and Gwendolyn J. Wilkinson could make payment of said sum of money to Shirley Hardin, as the personal representative of the estate of Tiny N. Wilkinson.
The rules of procedure are so designed that litigation, even though it may proceed with lead-footed pace, shall come to an end and the rights of parties be finally adjudicated.
We hold that upon the entry of the final judgment on June 11, 1975, and the passing of time within which either party may have in due season exercised their privilege of appellate review, all judicial labor with reference to this subject matter came to an end except the enforcement of such final judgment. It follows that the “final judgment in favor of the defendants” entered July 28, 1978, being a purported judgment amending the terms and provisions of the original final judgment was beyond the jurisdiction of the court to enter.
The judgment appealed from is reversed and set aside. The trial court is directed forthwith to enter its order requiring compliance with its final judgment dated June 11, 1975. Reversed with directions to proceed in accordance with this opinion.
McCORD, C. J., and BOOTH, J., concur.