PER CURIAM.
This appeal by Fidelity & Casualty Company of New York is from an order entitled Amended Order and Summary Judgment in which the Court held that Fidelity’s policy extended coverage to the collision which was the subject of the suit. The order was entered nine months after a regularly entered final judgment against Fidelity, which was pursuant to a regularly entered default. The final judgment was not appealed. We hold that the order appealed was without legal effect, but that the final judgment entered on May 25,1979 for Pascual Palomino and against Fidelity & Casualty Company of New York is binding and in full force and effect.
The confusion on this matter arose because the counsel for Fidelity urged and the trial judge was persuaded after the entry of the default that Fidelity could still contest the issue of coverage. Nevertheless, the judge denied Fidelity’s motion to set aside the default and thereafter entered final judgment on the default.
The final judgment settled all the issues which were raised by the pleadings between the parties. A trial court has no *449 authority to modify, amend or vacate a final order except in the manner and within the time provided by rule or statute. Kippy Corporation v. Colburn, 177 So.2d 193 (Fla.1965); Board of Public Instruction of Dade County v. Dinkines, 278 So.2d 663 (Fla. 3d DCA 1973); Hardin v. Wilkinson, 371 So.2d 585 (Fla. 1st DCA 1979). The trial judge recognized and followed this principle in his order of January 9, 1980 where he stated that the final judgment of May 25, 1979 was in full force and effect. His subsequent order, which is now appealed, attempted to clarify the matter by entering a “summary judgment”. While this order was unnecessary, it did correctly define the status of the parties as to the coverage issue. Therefore, it is affirmed.
Affirmed.