SHARP, Chief Judge.
Appellant (Fadel) appeals from a mandatory injunction entered against him, arguing the lower court was without jurisdiction to issue the injunction. We agree and reverse.
Originally, Fade! brought a suit against Oceans Four Condominium Association, Inc., in which he asked for an injunction to prevent it from enforcing a bylaws provision against him, and requested that a lien recorded against his property be declared null and void. Oceans Four counterclaimed for $2,500 in fines it had assessed as a result of Fadel’s violation of the bylaws *65 provision. Both sides requested attorney’s fees and costs.
The final judgment contained a finding that the only legal remedy available to Oceans Four was a mandatory injunction.[1] The judgment decreed that neither party take anything, and the court refused to award attorney’s fees and costs because there was no prevailing party. Subsequently, based on this final judgment and, without bringing a second action, Oceans Four sought and obtained a mandatory injunction against Fadel.
A trial court loses jurisdiction after the ten-day period for rehearing or new trial,[2] except to enforce the judgment as provided by the rules of procedure. Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla.3d DCA), rev. den., 494 So.2d 1153 (Fla.1986); Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986); Hardin v. Wilkinson, 371 So.2d 585 (Fla. 1st DCA 1979). A court does not have the power to impose upon a party a new duty not previously adjudicated in the final judgment. Superior Uniforms, Inc. v. Brown, 221 So.2d 214 (Fla. 3d DCA 1969).
In this case, Oceans Four’s right to an injunction was neither requested, adjudicated, nor granted. The language contained in the final judgment was conditional or advisory only, and not determinative of Oceans Four’s right to such relief. The lower court had no jurisdiction to grant the injunction and such action constituted more than mere enforcement of the judgment. An independent action which determines Oceans Four’s right to an injunction is required.[3] The trial judge recognized such action is necessary when he stated that enforcement of the bylaw provision “would be by way of [Oceans Four] bringing its own action for a mandatory injunction.”
REVERSED.
COBB and COWART, JJ., concur.

.The court stated:
That the only legal remedy the defendant has to enforce the furnishing of a key by-law [sic] against the plaintiff would be by way of bringing its own action for a mandatory injunction to force the plaintiff to comply with the by-law and the defendant could not enforce the by-law by enforcing a continuing fine against the plaintiff and enforce same in Court by a lawsuit for damages.

. Fla.R.Civ.P. 1.530(b).

. See, e.g., Fla.R.Civ.P. 1.610, Injunctions, Committee Note, a pleading seeking an injunction must be filed before an injunction may be granted. Sub judice no such pleading has ever been filed.