819 So.2d 855 (2002)
Armando MARESCA, et al, Appellants,
v.
Joseph OLIVO, Appellee.
No. 5D00-3728.
District Court of Appeal of Florida, Fifth District.
May 24, 2002.
Rehearing Denied June 27, 2002.
*856 Thomas H. Yardley, Cocoa, for Appellants.
Craig M. Rappel of Rappel & Rappel, P.A., Vero Beach, for Appellee.
THOMPSON, C.J.
Armando Maresca, Auto Tech Select, Inc., and Auto Tech of Titusville, Inc. (collectively Maresca) appeal the trial court's denial of relief from judgment.
In January 1999, Appellee Joseph Olivo sued Maresca for breach of contract. The parties were ordered into mediation and reached a written settlement which was partly preprinted and partly handwritten. Under the agreement shown in the record, the "Defendant" (there were three defendants) would pay $7500 "by note payable at $500 per month, commencing on 15 October 1999, until paid in full, without interest." Further, Maresca was to deliver to Olivo title to a certain Pontiac in Olivo's possession. The agreement provided that upon default "by one day or more, of the note, [Olivo] shall, by filing an affidavit of non-payment, receive a final judgment without notice or hearing, including reasonable fees & costs." The agreement provided that each party would bear his own fees and costs. In connection with the agreement, Maresca executed a note, but the note is at odds with the agreement in that the note provides for the monthly payments to begin on 30 November 1999, instead of 15 October 1999.
On 27 November 1999, Olivo filed an affidavit claiming that Maresca was in default in that he failed to make any payments "said payment[s] to commence on 15 October 1999." It also alleged that Maresca failed to deliver the title to the Pontiac in Olivo's possession. The affidavit alleged that Olivo was entitled to the face amount of the note, $7500, plus the value of the Pontiac, $2500, for a total of $10,000. The mediation agreement was attached to the affidavit, but the note was not. If one were to rely on the note, Maresca was not in default when Olivo filed the affidavit. Also attached to the affidavit were several affidavits of fees and costs. There was no certificate of service on Maresca or the corporations.
The court entered three final judgments, one against Armando Maresca individually, one against Auto Tech of Titusville, and one against Auto Tech Select. Each judgment awarded Olivo $10,000, plus $6,350.75 in attorney's fees[1], and additional monies in prejudgment interest, for a total of $18,136.61 per judgment. The total awarded in the three judgments was thus three times the amount claimed by Olivo. Apparently upon receipt of copies of the final judgments, Maresca filed a motion for *857 rehearing, which alleged that Maresca was not in default, and which pointed out, among other things, the discrepancy between the note and the settlement agreement, and the failure of Olivo to present the note to the court. The motion was denied, apparently without a hearing.
Next, Maresca filed an affidavit and moved for relief pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. The ensuing orders of the predecessor and successor judges effectively denied the motion on the ground that the denial of the motion for rehearing had divested the court of jurisdiction. The rule provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
A motion for rehearing seeks review of the merits of the judgment and correction of errors of law, while a 1.540 motion brings up matters related to the grounds for relief set forth in the rule. See Herskowitz v. Herskowitz, 513 So.2d 1318 (Fla. 3d DCA 1987). Here, Maresca is basically alleging a misrepresentation, whether purposeful or not, on the part of Olivo, who, by failing even to mention the note at the ex parte proceeding, failed to apprise the court of the true state of affairs. Such a misrepresentation warrants relief. See Schlapper v. Maurer, 687 So.2d 982 (Fla. 5th DCA 1997).
A trial court does not ordinarily have jurisdiction to rehear the denial of a motion for rehearing or new trial, as explained in Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986):
The trial court's authority to modify, amend, or vacate an order or final judgment after rendition of the final judgment is limited to the time and manner provided by rule or statute. Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla.1970); Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965); Fidelity & Casualty Co. v. Palomino, 394 So.2d 448 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla.1981). Under the present rules, after the rendition of the final judgment, the trial court retains jurisdiction for the ten-day period during which a motion for rehearing may be filed and, if filed, until disposition of the motion. The trial court thereafter loses jurisdiction except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540. Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983); St. Cloud Utilities v. Moore, 410 So.2d 973, 974 n. 3 (Fla. 5th DCA 1982).
Francisco, 486 So.2d at 1388-89 (footnote omitted).
There is, however, an exception provided by rule 1.540:
Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court *858 jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.
Id. at n. 3 (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)).
We conclude therefore that Maresca is entitled to a hearing on his 1.540 motion, and that the court has jurisdiction to afford one. Accordingly, we reverse the orders of 3 August 2000, and 27 November 2000, and remand for further proceedings.
REVERSED and REMANDED.
SHARP, W. and SAWAYA, JJ., concur.
NOTES
[1] The bulk of the fees appear to relate to the pre-settlement litigation.