GRIFFIN, J.,
concurring and concurring specially.
I have concurred in the conclusion that we lack jurisdiction because the February 14, 2003, order was a final order. There was no timely motion for rehearing or amendment by any party. Therefore, the order became final on February 24, 2003, and the trial court lost the power to amend or vacate it. See, e.g., Maresca v. Olivo, 819 So.2d 855 (Fla. 5th DCA 2002); Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996); Shelby Mutual Ins. Co. v. Pearson, 236 So.2d 1 (Fla.1970). The only remaining authority potentially available to the trial court appears to be Florida Rule of Civil Procedure 1.540(a), applicable to “clerical mistakes in judgments ... and errors therein arising from oversight or omissions.... ” As the language quoted by Judge Sharp reflects, however, it appears that the reason for the trial court’s entry of the May 12 order was not to correct a “clerical mistake” or, indeed, any mistake in the order itself, but to attempt to remedy the parties’ confusion about deadlines for filing motions for rehearing and for taking an appeal that the trial judge believed arose because he had issued two successive orders, the first of which was a final order but was not denominated a “final order.” By the terms of the rule, however, such a “correction” does not restart the time for taking an appeal; nor does it authorize vacating the order entirely. Further, it is firmly established that trial courts cannot, directly or indirectly, extend the time for a party to take an appeal, nor may it amend its judgment for this purpose. See Kippy Corp. v. Colburn, 177 So.2d 193, 196-97 (Fla.1965), and cases cited therein; Maxfly Aviation, Inc. v. Capital Airlines, Ltd., 843 So.2d 973 (Fla.4th DCA 2003).