NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HORIZON CONSTRUCTION                    )
MANAGEMENT SERVICES, INC.,              )
                                        )
        Appellant,                      )
                                        )
v.                                      )       Case No. 2D14-842
                                        )
MEMPHIS INVESTMENTS, INC.,              )
                                        )
        Appellee.                       )
_____ )

Opinion filed May 20, 2015.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Manatee
County; Janette Dunnigan, Judge.

D. Rand Peacock Jr. of Rand Peacock
P.A., St. Petersburg, for Appellant.

Brian L. Trimyer of Harllee & Bald, P.A.,
Bradenton, and V. William Kaklis of
Kaklis, Venable & Witt, Bradenton, for
Appellee.


NORTHCUTT, Judge.

        Horizon Construction Management Services, Inc., appeals a nonfinal post-

judgment order rescheduling a foreclosure sale.  We reverse for a proper evidentiary

hearing on Horizon's claim that the foreclosure judgment was negated by a settlement

agreement between the parties.

Memphis Investments, Inc., sued Horizon on a note and mortgage and obtained a final judgment of foreclosure. After the trial court denied Horizon's motion for reconsideration but before the time for appeal had run, Horizon filed a bankruptcy petition. Due to the automatic stay occasioned by the bankruptcy filing, the foreclosure sale was cancelled. Horizon and Memphis then reached a mediated settlement agreement in the bankruptcy case. The settlement agreement stated that it was intended to be binding without regard to the dismissal of the bankruptcy proceeding. Subsequently, Horizon's bankruptcy petition was dismissed, and the stay was terminated.

Before the bankruptcy court even entered its written order of dismissal, Memphis filed a motion in the circuit court to have the foreclosure sale rescheduled. Horizon filed an objection, asserting that Memphis's motion violated the settlement agreement, which was attached as an exhibit. At the subsequent hearing, the court noted that there should be "an actual hearing where both parties are permitted to present evidence as to whether there's a breach of this contract." But after taking only limited evidence, the court found that Horizon was in default and reset the sale as Memphis requested.

On appeal, Horizon contends that the foreclosure case should have been dismissed pursuant to the settlement agreement. Memphis argues in support of the circuit court's finding that Horizon was in default. But its primary argument is that the order on appeal should be affirmed because the circuit court lacked jurisdiction even to consider the settlement agreement.

We disagree with Memphis's jurisdictional argument. While it is generally true that a final judgment terminates the issuing court's jurisdiction other than for purposes of enforcing the judgment, Florida Rule of Civil Procedure 1.540 provides an exception. See Bank One, N.A. v. Batronie, 884 So. 2d 346, 348 (Fla. 2d DCA 2004) ("After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540."). In Maresca v. Olivo, 819 So. 2d 855 (Fla. 5th DCA 2002), the parties settled a breach-of-contract suit in mediation. Their mediated settlement provided that upon default, Olivo could file an affidavit of nonpayment and receive a final judgment without notice or hearing. Id. at 856. Final judgments were thereafter entered, without notice to Maresca and based on an affidavit that Maresca later claimed was a misrepresentation. Id. at 856-57. But the court denied Maresca's motion for rehearing and subsequent motion for relief from judgment. Id. at 857. The latter order was reversed, and the Fifth District held that the circuit court had jurisdiction under rule 1.540(b) to consider whether the judgment should be set aside based on the alleged misrepresentation. Id. at 858.

Likewise, in this case rule 1.540(b)(5) authorized the circuit court to determine whether Horizon should be relieved from the final foreclosure judgment because the judgment was "satisfied, released, or discharged" by virtue of the settlement agreement. To make this determination, the court should have conducted a properly noticed evidentiary hearing. In the absence of a proper evidentiary basis, the court could not resolve the issues presented by Horizon regarding the validity and effect of the settlement agreement and any alleged breach of that agreement. For the same reason, we cannot decide those issues either.

- 3 -

Reversed and remanded for further proceedings.


CRENSHAW and SLEET, JJ., Concur.