PER CURIAM.
The principal question presented on this appeal is whether the trial judge erred in failing to allow interest to the estate upon sums advanced by the estate to maintain a residence which was later declared to be homestead. The question is presented upon the estate’s appeal from an order for distribution of condemnation proceeds. The trial judge found as follows:
“THIS CAUSE came before the Court upon the Motion of the Executrix for Entry of Order Specifying Sums to be Paid to Estate. This court previously entered its Order on January 11, 1977 providing for repayment to the estate of mortgage payments and taxes made with estate funds on the homestead property together with interest thereon from the date of each such payment. The Court has reconsidered that provision of the former Order of January 11 relating to the accrual of interest chargeable against the spouse on monies advanced by the estate for the protection of the property in *783 volved in the condemnation proceedings and the Court is now of the opinion that the spouse should not bear the loss of interest to the estate which could have been avoided by a timely determination of the homestead status of the property.”
The facts relevant to the case are lengthy and we think they need not be set out fully for the basis of our opinion to be understood. The decedent died in 1966. Although a will was filed for probate and admitted, probate of the estate was not promptly carried forward. The attorney for the estate handled all receipts and disbursements of estate funds through his trust account. All through the administration of the estate, it appears that the executrix and the widow were on friendly terms and abided by the decisions of the attorney and that the parties assumed facts and law that were not true. It was agreed that the attorney had paid funds from his trust account belonging to the estate in payment upon the mortgage indebtedness and taxes on the property where decedent resided at the time of his death. It was further agreed that such funds had been paid for the purpose of protecting whatever interest the estate may have had with respect to the subject property. The payments on the mortgage and taxes with estate funds were not controverted. By virtue of the fact that the estate paid the mortgage and taxes, the widow was able to continue to live on the premises for six years and four months after decedent’s death. The subject property was condemned by the State of Florida in eminent domain proceedings in 1975 and $36,700.00 was received by the attorney for the estate, who was ordered by the probate court to deposit such funds in a savings account pending determination of the appropriate method of distribution. No petition for determination of the homestead status of the subject property was filed until the widow filed her Petition to Set Aside Homestead on October 29, 1976.
The appellant relies upon the general principle that a subrogee is entitled to stand in the shoes of the creditor and to enforce every right which the creditor himself could have enforced. See Cuesta, Rey & Co. v. Newsom, 102 Fla. 853, 136 So. 551 (1931). The trial judge properly determined that interest in the subrogation proceeding is governed by equitable principles. See Dantzler Lumber & Export Co. v. Columbia Casualty Co., 115 Fla. 541, 156 So. 116 (1934). In the instant case, the absence of a demand for the payment of the money, and the fact that both parties apparently considered the payment by the estate to be proper, supports the trial judge’s conclusion that interest should not run from the date of the payment of the mortgage and taxes.
The appellant has also presented a procedural point. It is urged that the court's first order on the subject, which stated that interest would be assessed, was a final probate order and, as such, could not be changed by the trial judge. We hold that the first order was not a final, appeala-ble order in that it did not determine the matter.[1]
Affirmed.

. The order provided:
******
“If counsel are unable to agree, the Court will • conduct a further hearing to determine the exact amount to be paid . . . ”