401 So.2d 1147 (1981)
The TRAVELERS INDEMNITY COMPANY, Appellant,
v.
Eleanor Marcia WALKER, Appellee.
No. 81-64.
District Court of Appeal of Florida, Third District.
July 28, 1981.
*1148 Joseph A. McGowan, Miami, for appellant.
James J. Traitz, Coral Gables, for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
Travelers Indemnity appeals from an adverse judgment for damages and attorney's fees in an action on a collision claim. We reverse the judgment because the trial court lacked jurisdiction to enter it.
During the course of the proceedings below, the parties purportedly reached a settlement. A dispute arose, however, concerning its terms, and Travelers thereupon filed and served a "motion to enforce settlement" in accordance with what it contended had been agreed to. After hearing, the trial court made the following ruling in an "Order Enforcing Settlement" which was filed on March 5 and recorded on March 7, 1980:
THIS CAUSE came on to be heard upon Defendant's Motion to Enforce Settlement and the Court being fully advised in the premises, it is,
ORDERED that said Motion be and the same is hereby granted and it is further ORDERED that ELEANOR MARCIA WALKER shall deliver to the TRAVELERS INDEMNITY COMPANY a properly executed title free of liens, and a properly executed Release and Stipulation for Dismissal in exchange for a draft in the amount of TWO THOUSAND NINE *1149 HUNDRED EIGHTY NINE DOLLARS AND TWENTY NINE CENTS. ($2,989.29).
Eleven days after recording, on March 18, 1980, the plaintiff served a motion to vacate this order, which was filed on March 19, 1980. A successor trial judge granted the motion[1] and subsequently entered the judgment now under review.
Under Fla.R.Civ.P. 1.530(b), a motion for rehearing in a non-jury action must be served not later than 10 days after the entry of judgment, which is deemed to be the date the judgment is recorded. Casto v. Casto (Fla., Case no. 59,255, opinion filed, July 16, 1981). The "motion to vacate" was not served within this time.[2] It is therefore clear that the trial court lost jurisdiction over the cause if the quoted order was in fact a final judgment, thus subject to review in the trial court only by a timely motion for rehearing.[3]Shelby Mutual Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla. 1970); Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965); In re Estate of Beeman, 391 So.2d 276, 279 (Fla. 4th DCA 1980); Nahoom v. Nahoom, 341 So.2d 257 (Fla. 3d DCA 1977). We hold that it was.[4]
As the familiar rule was succinctly stated in Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954), "the test of a final judgment is whether the judicial labor is at an end." 72 So.2d at 801. 3 Fla.Jur.2d Appellate Review § 51, n. 89 (1978). This is plainly true of the "Order Enforcing Settlement." There was nothing whatever left for the court to do in the pending action, other than to enforce what the order required of the parties. See, Hensley v. Palmer, 59 So.2d 851 (Fla. 1952); 3 Fla.Jur.2d, supra, n. 90. The plaintiff's contention that a subsequent formal order of dismissal was necessary to terminate the action is untenable. By the terms of Fla.R.Civ.P. 1.420(a)(1)(ii), an action may be dismissed, specifically "without order of court" [e.s.], simply by filing a stipulation for dismissal, such as that provided by the judgment itself.
Reversed.[5]
NOTES
[1] But see Groover v. Walker, 88 So.2d 312 (Fla. 1956); Bailey v. Bailey, 204 So.2d 531 (Fla. 3d DCA 1967).
[2] March 17, 1980, the tenth day after recording, fell on a Monday. Thus, there was no extension under Fla.R.Civ.P. 1.090(a).
[3] In contrast, the trial court retains jurisdiction to alter interlocutory orders at any time prior to final judgment. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Sterling Drug, Inc. v. Wright, 307 So.2d 494, 495 (Fla. 2d DCA 1975).
[4] We note that Travelers did not call the jurisdictional defect to the attention of the trial court.
[5] The effect of this disposition is to recognize the continuing efficacy of the order of March 5, 1980.