PER CURIAM.
The appellant appeals the April 28, 2003 order of the trial court denying his motion for rehearing and upholding the previous order that enforced the settlement agreement (“Settlement Agreement”) entered into between the parties. The appellant contends that the trial court erred by not substantively considering his motion as a timely collateral attack authorized by the order approving the Settlement Agreement. We agree, and therefore, reverse and remand for consideration of appellant’s motion on the merits.
The appellees/plaintiffs filed a complaint against the appellant/defendant on October 11, 2001, alleging that he had violated an agreement to provide an easement on his property, and seeking declaratory relief, injunctive relief, and money damages. The defendant’s answer asserted in part *696 that he had not been paid in full for the easement. The parties entered into the Settlement Agreement in April 2002.
On October 31, 2002, the plaintiffs filed a “Motion to Enforce Settlement Agreement.” On December 2, 2002, the court entered an order that substituted attorneys for the defendant, and on December 3, 2002, the defendant’s new counsel made an ore tenus motion for a continuance of the hearing. The trial court denied the motion for continuance, and ruled on December 9, 2002:
The Motion of the Plaintiffs is granted in part. The Court recognizes that a settlement agreement has been filed in this cause which appears to be disposi-tive on its face and which appears to have been entered into by both parties and counsel for the parties. The Court also recognizes that there are circumstances under which such an agreement might be invalidated or set aside. At present, there is no such motion pending before the Court for adjudication.
WHEREFORE, it is ORDERED and ADJUDGED that:
1.The Settlement Agreement filed by the parties with the Court is hereby approved, by the Court subject to the right of the Defendant to file such appropriate motions as he may see fit to attack that Settlement Agreement. The Defendant is given a period of sixty (60) days from the date hereof within which to file such motions, failing which, the Settlement Agreement shall stand as approved without further leave or modification or collateral attack by the Defendant. During such sixty (60) day period, however, the Defendant is required to remove all obstructions from the easement depicted on the Settlement Agreement and is restrained and enjoined from interference in the use of such easement by the Plaintiffs;
2. At the end of the aforesaid sixty (60) day period, if there is no pending motion before the Court, the parties are required to execute the documents as set forth in the Settlement Agreement or, this Order and such other orders as may be entered, shall effectuate the same;
3. This Court retains jurisdiction over the parties and the subject matter herein for purposes of enforcement and adjudication of such other matters as may arise.
(Emphasis added).
On January 31, 2003, within the sixty-day time period, the defendant filed a motion entitled “Motion for a Rehearing on Motion to Enforce Settlement Agreement.” This motion challenged the enforceability of the Settlement Agreement and alleged that the defendant’s counsel had only been retained the day before the December 3, 2002 hearing and was not familiar with the facts of the case. The motion also alleged that the defendant was not adequately informed of the items contained in the Settlement Agreement, that the map attached to the Settlement Agreement was not shown to the defendant, and that the defendant’s attorney had evidence that showed that the defendant’s understanding of the Settlement Agreement and map was not consistent with the map attached to the Settlement Agreement filed with the court. Even though the defendant filed his motion within the sixty-day window, the successor trial judge ruled that the motion for rehearing was not timely filed and could not serve to extend the time period provided by the December 9, 2002 order. The court entered its order on April 28, 2003, upholding the previous order approving the Settlement Agreement.
It is apparent on the face of the December 9, 2002 order that the trial court’s final *697 approval of the Settlement Agreement only became effective if there was no challenging motion filed within sixty days.[1] Because the defendant filed a challenging motion within the sixty-day time period, the trial court’s approval of the Settlement Agreement did not become effective. Accordingly, we reverse and remand for the trial court to consider the merits of appellant’s motion attacking the Settlement Agreement.
REVERSED and REMANDED with instructions.
BOOTH, POLSTON and HAWKES, JJ., concur.

. Because we construe the trial court's December 9, 2002 order in this manner, we reject appellant’s alternative argument that the order violates Fla. R. Civ. P. 1.540(b).