GROSS, J.
This appeal arises from orders enforcing a settlement agreement in a suit for specific performance. We dismiss the appeal for lack of jurisdiction, because the orders appealed are non-appealable, non-final orders.
“It is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment.” McGurn v. Scott, 596 So.2d 1042, 1043 (Fla.1992); see also GEI-CO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345, 1346 (Fla. 4th DCA 1991). Applying this concept of finality, the supreme court has recognized judgments that leave an element of damages to be determined later are not final orders. See McGurn, 596 So.2d at 1044-45. Unlike “an award of attorneys’ fees or costs [which] is ancillary to, and does not interfere with, the subject matter of the appeal ... [a]n element of damages is not ancillary to the subject matter of the cause regardless of how straight-forward and ministerial the calculation of those damages may be.” Id. at 1044.
The trial court’s orders neither determined all of the equitable adjustments to which the seller was entitled, nor set the amount of those adjustments. The orders gave the parties some big picture guidance concerning the expenses the seller was entitled to recover and asked the parties to work out the details. This is evident from the portion of the court’s findings of fact indicating that “[i]n the event the parties cannot agree on the amount of adjustments, or if further adjustments are needed to facilitate a closing, the matter shall, within 21 days, be submitted to the court for determination.” This aspect of the ruling makes these orders non-final.
Other Florida courts considering the finality of similarly worded orders have concluded that the orders are non-final ones which cannot support an appeal under Florida Rules of Appellate Procedure 9.030(b)(1)(A) or (C). See Am. Boom & Barrier, Inc. v. Stewart, 592 So.2d 1178, 1178-79 (Fla. 1st DCA 1992) (holding that an order in a workers’ compensation proceeding was not final where the judge entered an order concerning the amount of past medical benefits, but reserved jurisdiction to enter further orders “‘if the parties are unable to agree on future medical benefits’ ”); In re Crim’s Estate, 357 So.2d 782, 783 n. 1 (Fla. 3d DCA 1978) (holding that the following language rendered an order non-final: “ ‘If counsel are unable to agree, the Court will conduct a further hearing to determine the exact amount to be paid.... ’ ”).
We note that a differently worded order enforcing a settlement agreement may be a final, appealable order. Courts have held that where there is “nothing whatever left for the court to do,” an order enforcing a settlement agreement is final and appealable. See Travelers Indem. Co. v. Walker, 401 So.2d 1147, 1149 (Fla. 3d DCA 1981); see also Orchid Island Props., Inc. v. W.G. Mills, Inc. of Bradenton, 889 So.2d 142, 143-44 (Fla. 4th DCA 2005) (listing a number of cases “treating an order compelling a settlement agreement as an appealable order”) (Gross, J., concurring specially). Further, the finality of such orders is not destroyed merely because the trial court retains jurisdiction to enforce the order. See Travelers Indem. Co., 401 So.2d at 1149; see also GEICO Fin. Servs., Inc., 575 So.2d at 1347 (holding that “reservation of jurisdiction language does not affect the finality of the judgment, [when] the purpose of the reservation is to enforce the judgment”); Nour- *528 achi v. S. Beaches Prof'l Park Owners’ Ass’n, 841 So.2d 618, 618-19 (Fla. 1st DCA 2003). However, the trial court’s reservation of jurisdiction in this case extended well beyond simple enforcement.
The appellant/seller argues that the trial court retained jurisdiction for only twenty-one days after the orders were entered and contends that because that time period has lapsed, the order is now final. However, within ten days after the orders were entered, the buyers invoked the jurisdiction reserved by the trial court by filing their motion for clarification/reconsideration. As explained in that motion, the parties could not agree on the adjustments and the buyers sought to submit additional issues “to the court for determination.” Thus, the buyers’ motion timely invoked the trial court’s reserved jurisdiction before that time period lapsed. See Martin v. Wilcox, 876 So.2d 695, 696-97 (Fla. 1st DCA 2004).
For these reasons, we dismiss this appeal for lack of jurisdiction. See Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995).
STONE and SHAHOOD, JJ., concur.