TAYLOR, J.
We reverse the judgment entered upon the trial court’s order compelling a settlement in this case, because the plaintiff, Nelson Lopez, failed to demonstrate by competent substantial evidence that there was a meeting of the minds sufficient to create an enforceable settlement agreement.
After rejecting numerous offers from GEICO to settle his underinsured motorist claim for the policy limits and failing to reach a settlement at the mediation conference, plaintiff sent a letter to GEICO purportedly accepting its previous offer and demanding a settlement draft and release. GEICO rejected plaintiffs demand by letter, noting that its position had changed since discovering information that plaintiff had misrepresented his past medical history. Thereafter, plaintiffs counsel filed a motion to compel settlement. The trial court granted the motion.
As GEICO argues, the record does not show that there was ever an agreement reached between the parties to settle plaintiffs claims. No evidence was presented at the hearing on the motion to compel that there was an open offer from GEICO following the mediation impasse. On the contrary, the GEICO adjuster testified at her deposition that the offer was withdrawn after it was rejected and that there was no longer an offer on the table after mediation. Further, a voice mail message mistakenly sent from a GEICO *163 employee to plaintiffs counsel regarding replacement of a stale settlement check was not sufficient to establish a meeting of the minds for settlement purposes.
Accordingly, we reverse the final judgment entered upon the order enforcing settlement and remand this matter for further proceedings.

Reversed and Remanded.

KLEIN and DAMOORGIAN, JJ., concur.