ORDER DISMISSING PROCEEDINGS
ALTENBERND, Judge.
Diana McLaughlin, both in her individual capacity as a medical doctor and as a licensed attorney attempting to represent Diana McLaughlin, M.D., P.A., d/b/a Kid’s Medical Care, commenced two proceedings in this court.
Dr. McLaughlin and her professional association were sued in 2010 by Adolfo Lara and Lydia Labra as parents and natural guardians of their minor son. The complaint alleged that Dr. McLaughlin had failed to timely diagnose and treat a condition in the child’s eye that resulted in a substantial loss of vision. Dr. McLaughlin had purchased applicable medical malpractice insurance from MAG Mutual Insurance Company. That insurance company retained an attorney to represent Dr. McLaughlin.
Dr. McLaughlin apparently was not satisfied with her defense and filed an appearance in the lawsuit to represent herself and her professional association as co-counsel. When she attempted to participate in the prosecution of the case in ways that the trial court regarded as disruptive, the trial court entered an order that severely restricted her activities in the trial court proceeding.
In case number 2D13-1684, Dr. McLaughlin filed a petition for a writ of common law certiorari in this court, claiming that the order restricting her activities in the trial court deprived her of a right of self-representation and prevented her professional association from retaining the co-counsel of its choice. This court initially dismissed the proceeding, but on motion for rehearing we concluded that relief might be available. As a result, this court ordered a response from the respondents, who at that point were only the plaintiffs in the trial court proceeding.
While this court was considering whether to grant or deny the petition, we were informed by MAG Mutual that the trial court proceeding had been settled. MAG Mutual sought to intervene in the certiora-ri proceeding. We deferred ruling on MAG Mutual’s motion but ordered the parties to show cause why the petition should not be dismissed as moot.
Because the certiorari proceeding did not stay activity in the trial court, the plaintiffs petitioned that court for an order approving a settlement for the minor. Dr. McLaughlin filed an objection, seeking to prevent her insurance company from paying her patient’s family to settle the lawsuit because she had not consented to the settlement. The trial court held a hearing on August 23, 2013. At that hearing, it granted MAG Mutual’s motion to intervene. It denied Dr. McLaughlin’s objection to the settlement. The trial court entered an order granting the petition for *1006 approval of the settlement for the minor. On September 11, 2013, presumably after MAG Mutual paid the agreed settlement, the plaintiffs served a notice of voluntary dismissal of their lawsuit against Dr. McLaughlin.
On September 19, 2013, Dr. McLaughlin filed a notice of appeal challenging the order denying her objection and the order approving the settlement. That appeal is now case number 2D13-4631. MAG Mutual, as an intervenor in the trial court, is an appellee in that appeal. Although it may not be necessary, we grant its motion to intervene in the earlier filed petition for writ of common law certiorari.
It is clear from the arguments that have been presented to this court that Dr. McLaughlin maintains she is aggrieved by the orders recently appealed because those orders allow a settlement without her consent. She maintains that she has the contractual or statutory right to control the settlement. Without ruling on the merits of her argument, we conclude that she is not actually aggrieved by these orders and has no right to appeal them or otherwise have them evaluated by this court.
The order denying her objection to the settlement is clearly not a final, appealable order. Furthermore, the order is not an interlocutory order included in the list of appealable nonfinal orders under Florida Rule of Appellate Procedure 9.130.
To the extent that the order denying her objection is also an order enforcing a settlement, appealability is a more complex issue. In many instances, such orders are not themselves appealable. See Baron v. Provencial, 908 So.2d 526 (Fla. 4th DCA 2005). If the order forces a party to sign a release or make a payment against the party’s will, it sometimes can be appealed. See Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc., 704 So.2d 669 (Fla. 1st DCA 1997). More commonly, the order enforcing settlement leads to a final judgment that is appealable. See Geico Cas. Co. v. Lopez, 988 So.2d 162 (Fla. 4th DCA 2008). But this order enforcing settlement did not require Dr. McLaughlin to take any action or make any payment. She did not need to sign a release or stipulate to any dismissal. No final judgment was ever entered based on the order enforcing settlement; the case was voluntarily dismissed.
As to the order approving the settlement for the minor, there is no question that such an order can be appealed. See Fla. RApp. P. 9.170(b)(10). However, the purpose of an order approving a minor’s settlement is not to protect any legal right a defendant may have to control settlement but instead it is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective. See § 744.387, Fla. Stat. (2010). Dr. McLaughlin simply is not aggrieved in any legal sense by the court’s decision that this settlement with funds from MAG Mutual is in the best interest of the child.
The plaintiffs had a legal right to voluntarily dismiss their action against Dr. McLaughlin without her consent at the time they dismissed this action. See Fla. R. Civ. P. 1.420(a). In the rare circumstance in which an outsider wishes to pay a plaintiff and the plaintiff chooses to file a voluntary dismissal of an action against a defendant, it generally should be very difficult for a defendant, at least in the absence of an established claim to attorneys’ fees, to demonstrate that it has been aggrieved by any appealable order entered in the case. After the plaintiffs filed a notice of voluntary dismissal in the trial court, we cannot conceive of any original proceeding that might allow for the review of these orders.
As we suggested in our order to show cause in the certiorari proceeding, if Dr. McLaughlin believes that MAG Mutual *1007 breached the insurance contract or violated a statutory obligation that it owed to her, her remedy is to bring an action against MAG Mutual, not to delay the settlement between MAG Mutual and her patient’s family. The trial court in this action, which is an action between Dr. McLaughlin and her patient, had no reason to resolve any contractual or statutory dispute between Dr. McLaughlin and MAG Mutual. It did not do so. Nothing that has occurred in the settlement of this action would serve as collateral estoppel or otherwise bar her claim to a remedy against MAG Mutual for an unauthorized settlement if, in fact and law, she has such a claim.
Accordingly, we dismiss case number 2D13-4681 as an appeal from nonap-pealable orders. We dismiss case number 2D13-1684 as a moot certiorari proceeding in light of the voluntary dismissal of the trial court proceeding.
KHOUZAM and SLEET, JJ„ Concur.