DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOY MACK,**
Appellant,

v.

**PHILIP REPOLE** and **PHYLLIS REPOLE,**
Appellees.

No. 4D16-3595

[ February 21, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. 08-21118.

Henry G. Gyden of the Gyden Law Group, Tampa, for appellant.

William S. Isenberg of the Law Offices of William S. Isenberg, Fort Lauderdale, for appellees.

TAYLOR, J.

Appellant Joy Mack, the defendant and counter-plaintiff below, appeals a final order dismissing her case for lack of prosecution. Our review of the record, however, shows that appellant is actually attempting to use this appeal as a vehicle for challenging the trial court's earlier final orders enforcing a settlement agreement and denying appellant's motion for relief under Florida Rule of Civil Procedure 1.540. Because appellant either failed to timely appeal or otherwise failed to prosecute appeals of those final orders, our court does not have jurisdiction to review those orders in this appeal. We therefore dismiss this appeal for lack of jurisdiction and find that the trial court's dismissal of this case below for lack of prosecution was superfluous.

As an Illinois appellate court has explained, "[w]hen a party has failed to take a timely appeal from an order that is final for purposes of appeal, the appellate court is without jurisdiction to consider the propriety of that earlier final order in an appeal from a subsequent order, even in the same case." *Busey Bank v. Salyards*, 711 N.E.2d 10, 14 (Ill. App. Ct. 1999). Stated another way, the entry of a subsequent final order does not confer jurisdiction on this court to review an earlier final order that was not timely

appealed. Accordingly, our court's jurisdiction to review the trial court's earlier orders concerning the settlement agreement depends on whether those orders were final.

An order enforcing a settlement agreement is final and appealable where there is "nothing whatever left for the court to do in the pending action, other than to enforce what the order required of the parties." *Travelers Indem. Co. v. Walker*, 401 So. 2d 1147, 1149 (Fla. 3d DCA 1981). A subsequent formal order of dismissal is not necessary to terminate the action. *Id.*

Likewise, an order denying a motion for relief from judgment is final in nature. *Francisco v. Victoria Marine Shipping, Inc.*, 486 So. 2d 1386, 1391 (Fla. 3d DCA 1986).

Here, appellant's October 24, 2016 Notice of Appeal does not confer jurisdiction on our court to review any of the following orders, which we deem to be final orders: (1) the September 24, 2012 order enforcing the settlement agreement; (2) the February 28, 2013 order denying appellant's rule 1.540 motion to vacate; and (3) the February 28, 2013 order granting appellees' motion to compel enforcement of the settlement agreement. Because appellant either failed to timely appeal or otherwise failed to prosecute appeals of those final orders, we do not have jurisdiction to review those orders in the instant appeal.[1]

We further find that the trial court's dismissal for lack of prosecution was superfluous. By the time of the trial court's dismissal, the parties had complied with the settlement agreement and the case was concluded.

*Dismissed.*

FORST and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Although appellant previously appealed the September 24, 2012 order and one of the February 28, 2013 orders, those appeals were dismissed either for failure to pay the filing fee or for lack of prosecution.