# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-487
Lower Tribunal No. 14-16905
_____

## Steven Enterprises Group Inc.,
Appellant,

vs.

## Diversified Aero Inventory I, LLC,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr and Daryl E. Trawick, Judges.

Billbrough & Marks, P.A., and Geoffrey B. Marks, for appellant.

Goldstein & Company, Jason Goldstein and Maria Piva, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Steven Enterprises Group Inc. (SEG) appeals the trial court's order enforcing a settlement agreement pursuant to the plain language of the

agreement and entering final judgment in favor of Diversified Aero Inventory I, LLC. We have jurisdiction. See Fla. R. App. P. 9.110. SEG contends the trial court erred in entering final judgment without holding an evidentiary hearing as to the question of default. As it was undisputed that SEG defaulted on payments and the trial court merely enforced the agreed terms of the settlement agreement's enforcement provision, we affirm.[1]

**FACTS & PROCEDURAL BACKGROUND**

In September 2018, the parties entered into a confidential settlement agreement whereby SEG agreed to pay the sum of $60,000 to Diversified in monthly installments. Pursuant to the agreement, the trial court entered an order of dismissal of all claims between the parties and reserved jurisdiction to enforce the settlement agreement. Beginning in May 2019, SEG defaulted by failing to make monthly payments. On June 17, 2019, Diversified sent a notice of default to SEG. On June 18, 2019, SEG

---

[1] We affirm without further discussion SEG's appeal from the denial of its motion for rehearing. See Baron v. Provencial, 908 So. 2d 526, 527 (Fla. 4th DCA 2005) ("Courts have held that where there is 'nothing whatever left for the court to do,' an order enforcing a settlement agreement is final and appealable." (quoting Travelers Indem. Co. v. Walker, 401 So. 2d 1147, 1149 (Fla. 3d DCA 1981))); Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1152 (Fla. 3d DCA 2013) ("[O]nce a judgment becomes final—as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied . . .—the trial court loses jurisdiction to rehear the judgment on the merits." (citation omitted)).

2

responded to the notice of default claiming it did not know where to send payments. That same day, Diversified replied to SEG and reiterated that all future and outstanding payments could be made via wire transfer or by mail to the physical address specified in the agreement. SEG failed to make any payments pursuant to the agreement. On June 26, 2019, after the time to cure the default had lapsed, Diversified filed a motion to enforce the settlement agreement with accompanying affidavit concerning the failure to make monthly payments or cure the default. The trial court entered an order granting the motion to enforce the settlement agreement. SEG moved for rehearing and requested an evidentiary hearing despite acknowledging that it failed to make the payments. The trial court denied rehearing.

## LEGAL ANALYSIS

"Settlement agreements are contractual in nature and are therefore, interpreted and governed by contract law." Com. Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (citations omitted). "The construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible of only one interpretation." Gray v. D & J Indus. Inc., 875 So. 2d 683, 683 (Fla. 3d DCA 2004). "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon

as to every essential element." Spiegel v. H. Allen Holmes, Inc., 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (citation omitted).

The plain language of the settlement agreement provided:

> 2. Enforcement. In the event SEG defaults on this Agreement, including by failing to make any payments in accordance with Section 1, Diversified shall provide written notice of the default to SEG by email under Section 3 ("Notice of Default"). SEG shall have five (5) days from the date of the Notice of Default to cure the default (the "Cure Date"). . . . In the event SEG fails to cure the default within five (5) days of receiving Notice of Breach under to this Section 2, Diversified shall be entitled to a judgment for full payment of the amount claimed as damages in this Litigation, totaling Seventy-Seven Thousand Six Hundred and Forty-One U.S. Dollars and 26/00 ($77,641.26), plus all interest accrued and minus any payments under this Agreement, upon *ex parte* presentment of an affidavit to the Court.

Under the unambiguous terms of the agreement, "upon *ex parte* presentment of an affidavit to the Court" confirming SEG's failure to cure default upon notice of the breach, Diversified was entitled to a judgment for the full amount claimed as damages. The plain language of the enforcement provision required only the presentment of the affidavit and did not require or authorize an evidentiary hearing. It was undisputed that SEG defaulted by not making monthly payments for May 2019 and June 2019. Thus, the trial court appropriately granted the motion to enforce the settlement agreement without requiring an evidentiary hearing.

4

Affirmed.