# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1207
Lower Tribunal No. 16-28089

————————————

**Amber Perrin,**
Appellant,

vs.

**De Soleil South Beach Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Brodsky Fotiu-Wojtowicz, PLLC, Benjamin H. Brodsky and Joshua Truppman, for appellant.

Young, Berman, Karpf & Karpf, P.A., and Andrew S. Berman, for appellee De Soleil South Beach Association, Inc.

Before SCALES, LINDSEY and GORDO, JJ.

GORDO, J.

Amber Perrin appeals the trial court's order denying her motion to enforce settlement agreement against De Soleil South Beach Association, Inc. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).[1] Under the plain language of the settlement agreement, Perrin was required to provide *access* to her condominium unit for the "Master Association to conduct any and all inspections, remediation and repairs to the building railings and appurtenant structural and cosmetic features as *the Master Association deems necessary* to complete the work contemplated by the City of Miami Beach work permit." (Emphasis added). The trial court found no provision requiring the Master Association to make inspections, remediation and repairs Perrin deemed necessary under the plain language of the settlement agreement, rather it solely provided the Master Association with access to Perrin's unit and the right to make any repairs it deemed necessary. We find no basis to disagree with the trial court's construction of the plain language of the settlement agreement. See MBlock Inv'rs, LLC v. Bovis Lend Lease, Inc., 274 So. 3d 504, 509 (Fla. 3d DCA 2019) ("A settlement is a contract. An unambiguous contract provision must be afforded its plain meaning."

---

[1] See Baron v. Provencial, 908 So. 2d 526, 527 (Fla. 4th DCA 2005) ("Courts have held that where there is 'nothing whatever left for the court to do,' an order enforcing a settlement agreement is [a] final and appealable [order]." (quoting Travelers Indem. Co. v. Walker, 401 So. 2d 1147, 1149 (Fla. 3d DCA 1981))).

(quoting Lazzaro v. Miller & Solomon Gen. Contractors, 48 So. 3d 974, 975 (Fla. 4th DCA 2010))).  As the plain terms of the settlement agreement are unambiguous, we do not resort to parole evidence.  See Lentz v. Cmty. Bank of Florida, Inc., 189 So. 3d 882, 886 n.7 (Fla. 3d DCA 2016) (holding parol evidence should not be used to vary unambiguous terms of a settlement agreement).

Further, the trial court correctly found Perrin's request that it order work done based solely on Perrin's deeming the repairs were necessary would result in exceeding its jurisdiction by enforcing non-terms of the settlement agreement.  Platinum Luxury Auctions, LLC v. Concierge Auctions, LLC, 227 So. 3d 685, 688 (Fla. 3d DCA 2017) ("[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." (quoting Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 (Fla. 2003))).

Affirmed.