DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALFRED RHINER,**
Appellant,

v.

**LAWNWOOD REGIONAL MEDICAL CENTER,**
Appellee.

No. 4D2024-1240

[April 16, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett M. Waronicki, Judge; L.T. Case No. 562017CA000579.

Alfred Rhiner, Avon Park, pro se.

Michael R. D'Lugo of Wicker Smith O'Hara McCoy & Ford, P.A., Orlando, for appellee.

DAMOORGIAN, J.

Appellant, the plaintiff below, appeals the trial court's order approving the general magistrate's recommended order denying Appellant's motion to enforce a settlement agreement. For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

Appellant sued Lawnwood Regional Medical Center ("Lawnwood") for medical negligence. Ultimately, the parties reached an oral settlement agreement. Due to difficulties communicating with Appellant, who was incarcerated at the time, Lawnwood filed a motion to compel settlement. In its motion, Lawnwood explained that it needed an address to which it could send the settlement check, and also needed Appellant to execute and return the general release form. Shortly after filing its motion, Lawnwood sent Appellant the general release form.

On May 26, 2023, the trial court granted Lawnwood's motion to compel settlement and entered the following order:

> The parties have reached a settlement in this matter. Defendant is awaiting the signed Release. Once the Release

is received by the Defendant, then the settlement proceeds will be sent to the Plaintiff. The Court recognizes that there has been a settlement in this case.

Appellant did not appeal the order granting Lawnwood's motion to compel settlement. Instead, more than three months later, Appellant filed a motion to enforce the settlement agreement wherein he complained the draft settlement agreement documents prepared by Lawnwood did not properly memorialize their agreement. The matter proceeded to a hearing before a general magistrate. Following the hearing, the general magistrate entered a written report recommending denying Appellant's motion. In so recommending, the general magistrate reasoned: "There has been a settlement between the parties per the court's [May 2023 order]. This order is not subject of any appeal, has never been vacated and the magistrate is bound by the previous factual finding of the court as reflected in that order." The trial court ultimately approved the magistrate's recommended order over Appellant's objection. This appeal follows.

The outcome of this appeal is controlled by our decision in *Mack v. Repole*, 239 So. 3d 91 (Fla. 4th DCA 2018). In *Mack*, the appellant sought review of a final order dismissing her case. *Id.* at 92. Although the order on appeal was final in nature, we dismissed the appeal for lack of jurisdiction. *Id.* In so doing, we reasoned as follows:

> Our review of the record . . . shows that appellant is actually attempting to use this appeal as a vehicle for challenging the trial court's earlier final orders enforcing a settlement agreement and denying appellant's motion for relief under Florida Rule of Civil Procedure 1.540. Because appellant either failed to timely appeal or otherwise failed to prosecute appeals of those final orders, our court does not have jurisdiction to review those orders in this appeal.
>
> . . . .
>
> [T]he entry of a subsequent final order does not confer jurisdiction on this court to review an earlier final order that was not timely appealed.

*Id.*

Here, as in *Mack*, our review of the record shows that Appellant is actually attempting to use this appeal as a vehicle for challenging the earlier order granting Lawnwood's motion to enforce settlement. Indeed,

2

Appellant sought to do the very same in his motion to enforce settlement, as recognized in the general magistrate's report and recommended order. Accordingly, because an order enforcing a settlement agreement is a final and appealable order, and because Appellant failed to timely appeal the earlier order granting Lawnwood's motion to enforce settlement, we do not have jurisdiction to review that earlier order in the instant appeal.

*Dismissed.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3